## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT HOLLINGSHEAD          :
        Plaintiff           :
                           :
      v.                 :    CIVIL ACTION – AT LAW
                           :
LARRY TARBOX, JOANNE TARBOX,   :
SOMERSET COUNTY JUVENILE PROBATION, :
EVERGREEN HALFWAY HOUSE        :
        Defendants         :  No.
                           :
                           :  JURY TRIAL DEMANDED

**4: CV 04-2134**

### COMPLAINT

**AND NOW,** comes the Plaintiff, above-named, by and through his attorney, Douglas N. Engelman, Esquire, and files and serves upon the Defendant the following Complaint, and in support thereof, avers the following:

1.  Plaintiff Robert Hollingshead is an adult individual who resides at 800 East Main Street, Apt. 169, Building 8, Somerset, Pennsylvania, 15501.

2.  Plaintiff was born on December 9, 1984.

### JURISDICTION & VENUE

3.  All Defendants reside in Pennsylvania.  The claim is not founded solely on the basis of diversity of citizenship.  At least one of the Defendants resides in the Middle District of Pennsylvania.

4.  Jurisdiction is proper under 28 U.S.C.A. §1331 providing district courts with original jurisdiction over civil claims arising under the Constitution, laws or treaties of the United States.

5.   Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b)(1).

## FACTS

6.   Defendant Evergreen Half Way House (hereinafter Evergreen) is a corporation with a principal place of business at RR1, Box 106, Canton, Pennsylvania.

7.   Defendant Larry Tarbox is an adult individual residing at RR1 Box 177A, Roaring Branch, PA  17765.

8.   Defendant Joanne Tarbox is an adult individual residing at RR1 Box 177A, Roaring Branch, PA  17765.

9.   Defendant Somerset County Department of Juvenile Probation (hereinafter Somerset) is a county agency located at 300 North Center Avenue, Suite 100, Somerset, PA 15501.

10.  At all times relevant hereto Defendants Larry Tarbox and Joanne Tarbox supervised all minors placed under their supervision by Defendants Evergreen and  Somerset County.

11.  At all times relevant hereto Defendants Larry Tarbox and Joanne Tarbox maintained a joint venture to supervise the minors place under their supervision and benefited from that joint venture.

12.  At all times relevant hereto, Plaintiff was under the supervision of Defendant Somerset after being sentenced in a Juvenile Matter in Somerset County, Pennsylvania.

13.  On or about June 7, 2002 Plaintiff came into the care and custody of Defendant Evergreen after being sentenced in a Juvenile Matter in Somerset County, Pennsylvania.

14.  As part of Plaintiff's sentence, he was required to perform community service, to be arranged by Evergreen, and supervised by Evergreen and Somerset.

15.   At Evergreen's direction, Plaintiff was sent to perform community service work at the residence of Defendant Larry and Joanne Tarbox.

16.   On or about October 26, 2002, Plaintiff was injured when his left hand was caught in a gas-powered log splitting device which was operated by Defendant Larry Tarbox, at Defendant Tarboxs' residence in Canton, Pennsylvania.

17.   As a result Plaintiff's left hand was almost completely amputated.

**COUNT I**
**HOLLINGSHEAD v. LARRY TARBOX**
**NEGLIGENCE**

18.   Plaintiff incorporates by reference averments 1 through 17 as though set forth at length herein.

19.   At all times relevant hereto, Plaintiff was under the care, custody and control of Defendant Tarbox as required by Defendant Somerset County in order to perform community service.

20.   The injuries suffered by Plaintiff were the direct and/or proximate result of Defendant Tarbox's negligence in any and/or all of the following respects:

   a.   Not operating the log splitter with the requisite skill, care and attention;

   b.   Not adequately supervising the Plaintiff;

   c.   Not providing and/or requiring the use of adequate safety/protective devices to prevent or minimize the risk of injury to Plaintiff of the type suffered by him.

21.   As a direct and/or proximate result of Defendants Tarbox's negligence, as more fully set forth in this Complaint, Plaintiff suffered severe, serious and permanent injuries, including but not limited to the following:

   a.   near amputation of his left hand;

    b.  Severe atrophy of the left forearm; and

    c.  Other injuries;

    d.  Some or all of the above listed injures may be permanent in nature and/or cause permanent restrictions/disabilities.

22.    As a consequence of the aforesaid injuries, Plaintiff has sustained damages as follows:

    a.  Future earning ability and capacity has been permanently diminished and adversely affected;

    b.  He has suffered and will continue to suffer great pain, inconvenience, embarrassment, and mental anguish;

    c.  He has suffered economic loss and is unable to perform certain household and other services and will continue to be unable to do so in the future;

    d.  He has been required to expend large sums of monies for surgical and medical attention, hospital, medical supplies, surgical appliances, therapeutic treatment, medicines, and attendant services;

    e.  His health in general has been seriously and permanently impaired and compromised;

    f.  He has sustained a permanent diminution in the ability to enjoy life and life's pleasures;

    g.  He has incurred past and will incur future wage loss; and

    h.  He will incur future medical bills.

23.    The injuries sustained by Plaintiff which are the subject of this action have required Plaintiff to abandon his goal of becoming an art teacher and/or architect,

due to the ongoing physical limitations, pain and discomfort he continues to endure, which he reasonably expects will be permanent.

24.     The conduct of the Defendant was wanton and outrageous warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff Robert Hollingshead prays this Honorable Court to find judgment against the Defendant Larry Tarbox, individually and in favor of the Plaintiff for compensatory and punitive damages in the sum in excess of One Million Five Hundred Thousand Dollars and costs.

## COUNT II
## HOLLINGSHEAD v. LARRY TARBOX
## CIVIL RIGHTS VIOLATION

25.     Plaintiff incorporates by reference averments 1 through 24 as though set forth at length herein.

26.     Jurisdiction is proper in this court pursuant to 42 U.S.C. § 1983.

27.     At all times relevant hereto, Defendant Tarbox was a willful participant and beneficiary of the joint state action and thus operating under the color of law.

28.     At all times relevant hereto, Plaintiff's ordered community service sentence and Defendant Tarbox's joint state action placed Plaintiff in the mandatory custody or the functional equivalent thereof, of Defendant Tarbox and therefore a special relationship existed between Defendant Larry Tarbox and Plaintiff.

29.     Defendant breached his affirmative duty of care and protection of harm by knowingly exposing minor Plaintiff to dangerous machinery which minor was not trained to operate, adequately supervised, and in violation of Pennsylvania Child Labor laws and therefore created the danger to Plaintiff

30.     As a result of the danger created by the Defendant and breach of Defendant's affirmative duty, as more fully stated above, Defendant deprived and/or violated minor Plaintiff's 14th Amendment rights not to be "deprive[d]... of life, liberty, or property without due process of law...."

31.     As a direct and/or proximate result of the danger created by Defendant and Defendants Tarbox's breach of the affirmative duty owed Plaintiff, as more fully set forth in this Complaint, Plaintiff suffered severe, serious and permanent injuries, including but not limited to the following:

a.  near amputation of his left hand;

b.  severe atrophy of the left forearm; and

c.  other injuries;

Some or all of the above listed injures may be permanent in nature and/or cause permanent restrictions/disabilities.

31.     As a consequence of the aforesaid injuries, Plaintiff has sustained damages as follows:

a.      Future earning ability and capacity has been permanently diminished and adversely affected;

b.      He has suffered and will continue to suffer great pain, inconvenience, embarrassment, and mental anguish;

c.      He has suffered economic loss and is unable to perform certain household and other services and will continue to be unable to do so in the future;

d.      He has been required to expend large sums of monies for surgical and medical attention, hospital, medical supplies, surgical appliances, therapeutic treatment, medicines, and attendant services;

    e.      His health in general has been seriously and permanently impaired and compromised;

    f.      He has sustained a permanent diminution in the ability to enjoy life and life's pleasures;

    g.     He has incurred past and will incur future wage loss; and

    h.     He will incur future medical bills.

32.     The injuries sustained by Plaintiff which are the subject of this action have required Plaintiff to abandon his goal of becoming an art teacher and/or architect, due to the ongoing physical limitations, pain and discomfort he continues to endure, which he reasonably expects will be permanent.

33.     The conduct of the Defendant was wanton and outrageous warranting the imposition of punitive damages.

       **WHEREFORE,** Plaintiff Robert Hollingshead prays this honorable court to find judgment against the Defendant Larry Tarbox, individually and in favor of the Plaintiff for compensatory and punitive damages in the sum in excess of One Million Five Hundred Thousand Dollars and costs.

**COUNT III**
**HOLLINGSHEAD v. JOANNE TARBOX**
**NEGLIGENCE**

34.     Plaintiff incorporates by reference averments 1 through 31 as though set forth at length herein.

35.     At all times relevant hereto, Plaintiff was under the care, custody and control of Defendant Joanne Tarbox as required by Defendant Somerset County in order to perform community service.

36.   The injuries suffered by Plaintiff were the direct and/or proximate result of Defendant Joanne Tarbox's negligence in any and/or all of the following respects:

    a.  Not operating the log splitter with the requisite skill, care and attention;

    b.  Not adequately supervising the Plaintiff;

    c.  Not providing and/or requiring the use of adequate safety/protective devices   to prevent or minimize the risk of injury to Plaintiff of the type suffered by him.

37.   As a direct and/or proximate result of Defendants Joanne Tarbox's negligence, as more fully set forth in this Complaint, Plaintiff suffered severe, serious and permanent injuries, including but not limited to the following:

    a.      near amputation of his left hand;

    b.      Severe atrophy of the left forearm; and

    c.      Other injuries;

Some or all of the above listed injures may be permanent in nature and/or cause permanent restrictions/disabilities.

38.   As a consequence of the aforesaid injuries, Plaintiff has sustained damages as follows:

    a.      Future earning ability and capacity has been permanently diminished and adversely affected;

    b.      He has suffered and will continue to suffer great pain, inconvenience, embarrassment, and mental anguish;

    c.      He has suffered economic loss and is unable to perform certain household and other services and will continue to be unable to do so in the future;

     d.      He has been required to expend large sums of monies for surgical and medical attention, hospital, medical supplies, surgical appliances, therapeutic treatment, medicines, and attendant services;

     e.      His health in general has been seriously and permanently impaired and compromised;

     f.      He has sustained a permanent diminution in the ability to enjoy life and life's pleasures;

     g.      He has incurred past and will incur future wage loss; and

     h.      He will incur future medical bills.

39.    The injuries sustained by Plaintiff which are the subject of this action have required Plaintiff to abandon his goal of becoming an art teacher and/or architect, due to the ongoing physical limitations, pain and discomfort he continues to endure, which he reasonably expects will be permanent.

40.    The conduct of the Defendant was wanton and outrageous warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff Robert Hollingshead prays this Honorable Court to find judgment against the Defendant Joanne Tarbox, individually and in favor of the Plaintiff for compensatory and punitive damages in the sum of One Million Five Hundred Thousand Dollars and costs.

## COUNT IV
## HOLLINGSHEAD v. JOANNE TARBOX
## CIVIL RIGHTS VIOLATION

41.     Plaintiff incorporates by reference averments 1 through 40 as though set forth at length herein.

42.     Jurisdiction is proper in this court pursuant to 42 U.S.C. § 1983.

43.     At all times relevant hereto, Defendant Joanne Tarbox was a willful participant and beneficiary of the joint state action and thus operating under the color of law.

44.     At all times relevant hereto, Plaintiff's ordered community service sentence and Defendant Joanne Tarbox's joint state action placed Plaintiff in the mandatory custody or the functional equivalent thereof, of Defendant Joanne Tarbox and therefore a special relationship existed between Defendant Joanne Tarbox and Plaintiff.

45.     Defendant breached her affirmative duty of care and protection of harm by knowingly exposing minor Plaintiff to dangerous machinery which minor was not trained to operate, adequately supervised, and in violation of Pennsylvania Child Labor laws and therefore created the danger to Plaintiff.

46.     As a result of the danger created and breach of Defendant's affirmative duty, as more fully stated above, Defendant deprived and/or violated minor Plaintiff's 14th Amendment rights not to be "deprive[d]... of life, liberty, or property without due process of law...."

47.     As a direct and/or proximate result of the danger created by Defendant and Defendant Joanne Tarbox's breach of the affirmative duty owed Plaintiff, as more fully set forth in this Complaint, Plaintiff suffered severe, serious and permanent injuries, including but not limited to the following:

        a.   near amputation of his left hand;

b.  severe atrophy of the left forearm; and

c.  other injuries;

Some or all of the above listed injures may be permanent in nature and/or cause permanent restrictions/disabilities.

45.  As a consequence of the aforesaid injuries, Plaintiff has sustained damages as follows:

a.  Future earning ability and capacity has been permanently diminished and adversely affected;

b.  He has suffered and will continue to suffer great pain, inconvenience, embarrassment, and mental anguish;

c.  He has suffered economic loss and is unable to perform certain household and other services and will continue to be unable to do so in the future;

d.  He has been required to expend large sums of monies for surgical and medical attention, hospital, medical supplies, surgical appliances, therapeutic treatment, medicines, and attendant services;

e.  His health in general has been seriously and permanently impaired and compromised;

f.  He has sustained a permanent diminution in the ability to enjoy life and life's pleasures;

g.  He has incurred past and will incur future wage loss; and

h.  He will incur future medical bills.

46.  The injuries sustained by Plaintiff which are the subject of this action have required Plaintiff to abandon his goal of becoming an art teacher and/or architect,

due to the ongoing physical limitations, pain and discomfort he continues to endure, which he reasonably expects will be permanent.

47.     The conduct of the Defendant was wanton and outrageous warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff Robert Hollingshead prays this honorable court to find judgment against the Defendant Joanne Tarbox, individually and in favor of the Plaintiff for compensatory and punitive damages in a sum in excess of One Million Five Hundred Thousand Dollars and costs.

## COUNT V
## HOLLINGSHEAD v. SOMERSET COUNTY JUVENILE PROBATION
## NEGLIGENCE

48.     Plaintiff incorporates by reference averments 1 through 46 as though set forth at length herein.

49.     Defendant Somerset was required by law to take, or voluntarily took, custody of Plaintiff under circumstances such as to deprive Plaintiff of his normal power of self-protection and under circumstances such as to subject Plaintiff to association with persons likely to harm Plaintiff and therefore a special relationship existed between Defendant Somerset and Plaintiff.

50.     Defendant Somerset had a duty to exercise reasonable care so as to control the conduct of Defendants Larry and/or Joanne Tarbox as to prevent them from conducting themselves as to create an unreasonable risk of harm to Plaintiff.

51.     Defendant Somerset knew or should have known that it had the ability to control the conduct of Defendants Larry and/or Joanne Tarbox and/or Evergreen.

52.     Defendant Somerset knew or should have known of the necessity and opportunity for exercising existing control over the conduct of Larry Tarbox and/or Evergreen.

53.     The injuries suffered by Plaintiff were the direct and/or proximate result of Defendant Somerset's negligence in any and/or all of the following respects:

a.      Not controlling the conduct of Larry and/or Joanne Tarbox and/or Evergreen, Defendant Somerset being an entity that was required by law or voluntarily undertook supervision of Plaintiff under circumstances such as to deprive Plaintiff of his normal power of self-protection or to subject him to association with persons likely to harm him;

b.      Not exercising reasonable care so as to control the conduct of Larry and/or Joanne Tarbox and/or Evergreen as to prevent them from intentionally harming Plaintiff or so conducting themselves as to create an unreasonable risk of harm to Plaintiff,

c.      Knowing or having reason to know that it had the ability to control the conduct of Larry and/or Joanne Tarbox and/or Evergreen and knowing or having reason to know of the necessity and opportunity for exercising such control;

d.      Negligently entrusting the care, custody and control of Plaintiff to Defendants Larry and/or Joanne Tarbox and/or Evergreen;

e.      Not taking custody and/or detain minor Plaintiff when said defendant had reasonable cause to believe that the safety of the minor Plaintiff was in imminent danger by being subjected to the untrained use of the log splitter;

f.      Not taking custody and/or detain minor Plaintiff when said defendant had reasonable cause to believe that the safety of the minor Plaintiff was in imminent

         danger by being subjected to the untrained use of the log splitter in violation of 42

         Pa.C.S.A. §6304(5);

  g.     Not adequately supervising a minor child committed to its custody;

  h.     Not adequately supervising a minor child committed to its custody in violation of

         42 Pa.C.S.A. §6304(3); and

  i.      Allowing minor Plaintiff to be exposed to the operation of machinery in violation

         of Pennsylvania's Child Labor Laws 43 P.S. §44.

54.    As a direct and/or proximate result of Defendants Somerset's negligence, as more fully

      set forth in this Complaint, Plaintiff suffered severe, serious and permanent injuries,

      including but not limited to the following:

  a.     near amputation of his left hand;

  b.     severe atrophy of the left forearm; and

  c.     other injuries;

Some or all of the above listed injures may be permanent in nature and/or cause

permanent restrictions/disabilities.

55.    As a consequence of the aforesaid injuries, Plaintiff has sustained damages as follows:

  a.     Future earning ability and capacity has been permanently diminished and

         adversely affected;

  b.     He has suffered and will continue to suffer great pain, inconvenience,

         embarrassment, and mental anguish;

  c.     He has suffered economic loss and is unable to perform certain household

         and other services and will continue to be unable to do so in the future;

d.   He has been required to expend large sums of monies for surgical and medical attention, hospital, medical supplies, surgical appliances, therapeutic treatment, medicines, and attendant services;

e.   His health in general has been seriously and permanently impaired and compromised;

f.   He has sustained a permanent diminution in the ability to enjoy life and life's pleasures;

g.   He has incurred past and will incur future wage loss; and

h.   He will incur future medical bills.

55.   The injuries sustained by Plaintiff which are the subject of this action have required Plaintiff to abandon his goal of becoming an art teacher and/or architect, due to the ongoing physical limitations, pain and discomfort he continues to endure, which he reasonably expects will be permanent.

56.   Defendant's sovereign immunity is waived pursuant to 42 Pa.C.S.A. §8522 (b)(3).

57.   The conduct of the Defendant was wanton and outrageous warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff Robert Hollingshead prays this honorable court to find judgment against the Defendant Somerset County Juvenile Probation, individually and in favor of the Plaintiff for compensatory and punitive damages in excess of One Million Five Hundred Thousand Dollars and costs.

**COUNT VI**
**HOLLINGSHEAD v. SOMERSET COUNTY JUVENILE PROBATION**
**CIVIL RIGHTS VIOLATION**

58.   Plaintiff incorporates by reference averments 1 through 57 as though set forth at length herein.

59.   Jurisdiction is proper in this court pursuant to 42 U.S.C. § 1983.

60.   At all times relevant hereto, Plaintiff was ordered into the custody of Defendant Somerset and therefore a special relationship existed between Defendant Somerset and Plaintiff.

61.   At all times relevant hereto, Defendant Somerset was a willing participant in joint state action and operating under the color of state law, 42 Pa.C.S.A. §6304.

62.   At all times relevant hereto, Plaintiff's ordered community service sentence and Defendant Somerset's joint state action placed Plaintiff in the mandatory custody or the functional equivalent thereof, of Defendant Somerset.

63.   Defendant created the danger and breached its affirmative duty of care and protection of harm by knowingly exposing minor Plaintiff to dangerous machinery which minor was not trained to operate, adequately supervised, and in violation of Pennsylvania Child Labor laws.

64.   As a result of the danger created by Defendant and breach of Defendant's affirmative duty, as more fully stated above, Defendant deprived and/or violated minor Plaintiff's 14th Amendment rights not to be "deprive[d]… of life, liberty, or property without due process of law…."

65.   As a direct and/or proximate result of the danger created by Defendant and Defendants Somerset's breach of the affirmative duty owed Plaintiff, as more fully set forth in this

Complaint, Plaintiff suffered severe, serious and permanent injuries, including but not limited to the following:

a.   near amputation of his left hand;

b.   severe atrophy of the left forearm; and

c.   other injuries;

d.   Some or all of the above listed injures may be permanent in nature and/or cause permanent restrictions/disabilities.

66.   As a consequence of the aforesaid injuries, Plaintiff has sustained damages as follows:

a.   Future earning ability and capacity has been permanently diminished and adversely affected;

b.   He has suffered and will continue to suffer great pain, inconvenience, embarrassment, and mental anguish;

c.   He has suffered economic loss and is unable to perform certain household and other services and will continue to be unable to do so in the future;

d.   He has been required to expend large sums of monies for surgical and medical attention, hospital, medical supplies, surgical appliances, therapeutic treatment, medicines, and attendant services;

e.   His health in general has been seriously and permanently impaired and compromised;

f.   He has sustained a permanent diminution in the ability to enjoy life and life's pleasures;

g.   He has incurred past and will incur future wage loss; and

h.   He will incur future medical bills.

67.    The injuries sustained by Plaintiff which are the subject of this action have required Plaintiff to abandon his goal of becoming an art teacher and/or architect, due to the ongoing physical limitations, pain and discomfort he continues to endure, which he reasonably expects will be permanent.

68.    The conduct of the Defendant was wanton and outrageous warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff Robert Hollingshead prays this honorable court to find judgment against the Defendant Somerset County Juvenile Probation, individually and in favor of the Plaintiff for compensatory and punitive damages in excess of One Million Five Hundred Thousand Dollars and costs.

## COUNT VII
## HOLLINGSHEAD v. EVERGREEN HALFWAY HOUSE
## NEGLIGENCE

69.    Plaintiff incorporates by reference averments 1 through 65 as though set forth at length herein.

70.    Defendant Evergreen was required by law to take, or voluntarily took, custody of Plaintiff under circumstances such as to deprive Plaintiff of his normal power of self-protection and under circumstances such as to subject Plaintiff to association with persons likely to harm Plaintiff and therefore a special relationship existed between Defendant and Plaintiff.

71.    Defendant Evergreen had a duty to exercise reasonable care so as to control the conduct of Defendants Larry and/or Joanne Tarbox  as to prevent them from conducting themselves as to create an unreasonable risk of harm to Plaintiff.

72.  Defendant Evergreen knew or should have known that it had the ability to control the conduct of Larry and/or Joanne Tarbox.

73.  Defendant Evergreen knew or should have known of the necessity and opportunity for exercising existing such control over the conduct of Larry and/or Joanne Tarbox.

74.  The injuries suffered by Plaintiff were the direct and/or proximate result of Defendant Evergreen's negligence in any and/or all of the following respects:

   a.  Not to controling the conduct of Larry and/or Joanne Tarbox;

   b.  Defendant Evergreen being an entity that was required by law or voluntarily undertook supervision of Plaintiff under circumstances such as to deprive Plaintiff of his normal power of self-protection or to subject him to association with persons likely to harm him;

   c.  Not exercising reasonable care so as to control the conduct of Defendant Larry and/or Joanne Tarbox as to prevent them from intentionally harming Plaintiff or so conducting themselves as to create an unreasonable risk of harm to Plaintiff;

   d.  Knowing or having reason to know that it had the ability to control the conduct of Defendants Larry and/or Joanne Tarbox;

   e.  Knowing or having reason to know of the necessity and opportunity for exercising such control;

   f.  Negligently entrusting the care, custody and control of Plaintiff to Defendants Larry and/or Joanne Tarbox;

   g.  Not taking custody and/or detain minor Plaintiff when said defendant had reasonable cause to believe that the safety of the minor Plaintiff was in imminent danger by be subjected to the untrained use of the log splitter;

h.     Not taking custody and/or detain minor Plaintiff when said defendant had reasonable cause to believe that the safety of the minor Plaintiff was in imminent danger by be subjected to the untrained use of the log splitter in violation of 42 Pa.C.S.A. §6304(5);

i.     Not adequately supervising a minor child committed to its custody;

j.     Not adequately supervising a minor child committed to its custody in violation of 42 Pa.C.S.A. §6304(3); and

k.     Allowing minor Plaintiff to be exposed to the operation of machinery in violation of Pennsylvania's Child Labor Laws 43 P.S. §44.

76.     As a direct and/or proximate result of Defendants Somerset's negligence, as more fully set forth in this Complaint, Plaintiff suffered severe, serious and permanent injuries, including but not limited to the following:

a.     near amputation of his left hand;

b.     severe atrophy of the left forearm; and

c.     other injuries;

d.     Some or all of the above listed injures may be permanent in nature and/or cause permanent restrictions/disabilities.

77.     As a consequence of the aforesaid injuries, Plaintiff has sustained damages as follows:

a.     Future earning ability and capacity has been permanently diminished and adversely affected;

b.     He has suffered and will continue to suffer great pain, inconvenience, embarrassment, and mental anguish;

  c.  He has suffered economic loss and is unable to perform certain household and other services and will continue to be unable to do so in the future;

  d.  He has been required to expend large sums of monies for surgical and medical attention, hospital, medical supplies, surgical appliances, therapeutic treatment, medicines, and attendant services;

  e.  His health in general has been seriously and permanently impaired and compromised;

  f.  He has sustained a permanent diminution in the ability to enjoy life and life's pleasures;

  g.  He has incurred past and will incur future wage loss; and

  h.  He will incur future medical bills.

78. The injuries sustained by Plaintiff which are the subject of this action have required Plaintiff to abandon his goal of becoming an art teacher and/or architect, due to the ongoing physical limitations, pain and discomfort he continues to endure, which he reasonably expects will be permanent.

79. The conduct of the Defendant was wanton and outrageous warranting the imposition of punitive damages.

  **WHEREFORE,** Plaintiff Robert Hollingshead prays this honorable court to find judgment against the Defendant Evergreen Halfway House, individually and in favor of the Plaintiff for compensatory and punitive damages in excess of One Million Five Hundred Thousand Dollars and costs.

**COUNT VIII**
**HOLLINGSHEAD v. EVERGREEN HALFWAY HOUSE**
**CIVIL RIGHTS VIOLATION**

80. Plaintiff incorporates by reference averments 1 through 79 as though set forth at length herein.

81. Jurisdiction is proper in this court pursuant to 42 U.S.C. § 1983.

82. At all times relevant hereto, Plaintiff was ordered into the custody of Defendant Evergreen.

83. At all times relevant hereto, Defendant Evergreen was a willing participant in joint state action and operating under the color of state law, 42 Pa.C.S.A. §6304.

84. At all times relevant hereto, Plaintiff's ordered community service sentence and Defendants Larry and/or Joanne Tarbox's joint state action placed Plaintiff in the mandatory custody or the functional equivalent thereof, of Defendants Larry and/or Joanne Tarbox.

85. Defendant created the danger and breached its affirmative duty of care and protection of harm by knowingly exposing minor Plaintiff to dangerous machinery which minor was not trained to operate, adequately supervised, and in violation of Pennsylvania Child Labor laws.

86. As a result of the danger created by Defendant and breach of Defendant's affirmative duty, as more fully stated above, Defendant deprived and/or violated minor Plaintiff's 14th Amendment rights not to be "deprive[d]... of life, liberty, or property without due process of law...."

87. As a direct and/or proximate result of the danger created by the Defendant and Defendants Evergreen's breach of the affirmative duty owed Plaintiff, as more fully set

forth in this Complaint, Plaintiff suffered severe, serious and permanent injuries, including but not limited to the following:

a.     near amputation of his left hand;

b.     severe atrophy of the left forearm; and

c.     other injuries;

Some or all of the above listed injures may be permanent in nature and/or cause permanent restrictions/disabilities.

88.   As a consequence of the aforesaid injuries, Plaintiff has sustained damages as follows:

a.     Future earning ability and capacity has been permanently diminished and adversely affected;

b.     He has suffered and will continue to suffer great pain, inconvenience, embarrassment, and mental anguish;

c.     He has suffered economic loss and is unable to perform certain household and other services and will continue to be unable to do so in the future;

d.     He has been required to expend large sums of monies for surgical and medical attention, hospital, medical supplies, surgical appliances, therapeutic treatment, medicines, and attendant services;

e.     His health in general has been seriously and permanently impaired and compromised;

f.     He has sustained a permanent diminution in the ability to enjoy life and life's pleasures;

g.     He has incurred past and will incur future wage loss; and

h.     He will incur future medical bills.

88.  The injuries sustained by Plaintiff which are the subject of this action have required Plaintiff to abandon his goal of becoming an art teacher and/or architect, due to the ongoing physical limitations, pain and discomfort he continues to endure, which he reasonably expects will be permanent.

**89.**  The conduct of the Defendant was wanton and outrageous warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff Robert Hollingshead prays this honorable court to find judgment against the Defendant Evergreen Halfway House, individually and in favor of the Plaintiff for compensatory and punitive damages in excess of One Million Five Hundred Thousand Dollars and costs.

Respectfully Submitted,
Lepley, Engelman & Yaw

s/Douglas N. Engelman, Esq.
Douglas N. Engelman, Esq.
ID#34839
140 East Third Street
Williamsport, PA  17701
570-323-3768 (telephone)
570-323-6191 (facsimile)
douge@lepley-engelman-yaw.com
Attorney for Plaintiffs