# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT HOLLINGSHEAD | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION – AT LAW |
| | : | |
| LARRY TARBOX, JOANNE TARBOX, | : | Judge John E. Jones III |
| SOMERSET COUNTY JUVENILE | : | |
| PROBATION, | : | Filed September 24, 2004 |
| MARGARET WESNESKI, | : | |
| WESLEY WESNESKI, | : | No. 4:04-CV-02134 |
| PEG AND TINK'S PLACE, INC. and | : | |
| EVERGREEN HALFWAY HOUSE | : | |
| Defendants | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

**AND NOW,** comes the Plaintiff, above-named, by and through his attorney, Douglas N. Engelman, Esquire, and files and serves upon the Defendant the following Complaint, and in support thereof, avers the following:

1. Plaintiff Robert Hollingshead is an adult individual who resides at 800 East Main Street, Apt. 169, Building 8, Somerset, Pennsylvania, 15501.

2. Plaintiff has not yet reached twenty (20) years of age and will not do so until December 2004.

## JURISDICTION & VENUE

3.      All Defendants reside in Pennsylvania.  The claim is not founded solely on the basis of diversity of citizenship.  At least one of the Defendants resides in the Middle District of Pennsylvania.

4.      Jurisdiction is proper under 28 U.S.C.A. §1331 providing district courts with original jurisdiction over civil claims arising under the Constitution, laws or treaties of the United States.

5.      Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b)(1).

## FACTS

6.      Defendant Evergreen Half Way House (hereinafter Evergreen) is a corporation with a principal place of business at RR1, Box 106, Canton, Pennsylvania.

7.      Defendant Tink and Peg's Place Inc. is a closely held corporation with a principal place of business at RR1, Box 106, Canton, Pennsylvania.

8.      Defendant Wesley Wesenski is an adult individual residing at RR 1 Box 106 Canton Pennsylvania.

9.      Defendant Margaret Wesneski is an adult individual residing at RR 1 Box 106 Canton Pennsylvania.

10.   Defendant Larry Tarbox is an adult individual residing at RR1 Box 177A, Roaring Branch, PA  17765.

11.   Defendant Joanne Tarbox is an adult individual residing at RR1 Box 177A, Roaring Branch, PA  17765.

12.   Defendant Somerset County Department of Juvenile Probation (hereinafter Somerset) is a county agency located at 300 North Center Avenue, Suite 100, Somerset, PA 15501.

13.   At all times relevant hereto Defendants Margaret and Wesley Wesneski joined with each other to create, maintain, and pursue a joint venture identified as Defendant Tink and Peg's Place Inc.

14.   At all times relevant hereto Defendants Margaret and Wesley Wesneski owned, operated, and controlled Defendants Tink and Peg's Place Inc. and Evergreen even residing at the principal place of business.

15.   At all times relevant hereto Defendant Tink and Peg's Place Inc. owned and operated Defendant Evergreen and made all decision regarding the business goals, operations and plans of said Defendant.

16.   At all times relevant hereto Defendants Tink and Peg's Place Inc. and Evergreen shared officers and board members as well as employee, agents and servants.

17.   At all times relevant hereto Defendants Larry Tarbox and Joanne Tarbox
      supervised all minors placed under their supervision by Defendants Margaret
      and Wesley Wesneski, Tink and Peg's Place Inc., Evergreen, and Somerset
      County.

18.   At all times relevant hereto Defendants Larry Tarbox and Joanne Tarbox
      maintained a joint venture to supervise the minors place under their
      supervision and benefited from that joint venture.

19.   At all times relevant hereto, Plaintiff was under the supervision of Defendant
      Somerset after being sentenced in a Juvenile Matter in Somerset County,
      Pennsylvania.

20.   On or about June 7, 2002 Plaintiff came into the care and custody of
      Defendant Margaret and Wesley Wesneski, Tink and Peg's Place Inc., and
      Evergreen after being sentenced in a Juvenile Matter in Somerset County,
      Pennsylvania.

21.   As part of Plaintiff's sentence, he was required to perform community
      service, to be arranged by Defendants Margaret and Wesley Wesneski, Tink
      and Peg's Place Inc., Evergreen, and supervised by Defendants Margaret and
      Wesley Wesneski, Tink and Peg's Place Inc.,Evergreen and Somerset.

22.   At Defendants' Margaret and Wesley Wesneski, Tink and Peg's Place Inc., and Evergreen direction, Plaintiff was sent to perform community service work at the residence of Defendant Larry and Joanne Tarbox.

23.   On or about October 26, 2002, Plaintiff was injured when his left hand was caught in a gas-powered log splitting device which was operated by Defendant Larry Tarbox, at Defendant Tarboxs' residence in Canton, Pennsylvania.

24.   As a result Plaintiff's left hand was almost completely amputated.

### COUNT I
### HOLLINGSHEAD v. LARRY TARBOX
### NEGLIGENCE

25.   Plaintiff incorporates by reference averments 1 through 24 as though set forth at length herein.

26.   At all times relevant hereto, Plaintiff was under the care, custody and control of Defendant Tarbox as required by Defendant Somerset County in order to perform community service.

27.   The injuries suffered by Plaintiff were the direct and/or proximate result of Defendant Tarbox's negligence in any and/or all of the following respects:

a.   Not operating the log splitter with the requisite skill, care and attention;

b.   Not adequately supervising the Plaintiff;

c.  Not providing and/or requiring the use of adequate safety/protective devices to prevent or minimize the risk of injury to Plaintiff of the type suffered by him.

28.  As a direct and/or proximate result of Defendants Tarbox's negligence, as more fully set forth in this Complaint, Plaintiff suffered severe, serious and permanent injuries, including but not limited to the following:

a.  near amputation of his left hand;

b.  Severe atrophy of the left forearm; and

c.  Other injuries;

d.  Some or all of the above listed injures may be permanent in nature and/or cause permanent restrictions/disabilities.

29.  As a consequence of the aforesaid injuries, Plaintiff has sustained damages as follows:

a.  Future earning ability and capacity has been permanently diminished and adversely affected;

b.  He has suffered and will continue to suffer great pain, inconvenience, embarrassment, and mental anguish;

c.  He has suffered economic loss and is unable to perform certain household and other services and will continue to be unable to do so in the future;

d.  He has been required to expend large sums of monies for surgical and medical attention, hospital, medical supplies, surgical appliances, therapeutic treatment, medicines, and attendant services;

e.  His health in general has been seriously and permanently impaired and compromised;

f.  He has sustained a permanent diminution in the ability to enjoy life and life's pleasures;

g.  He has incurred past and will incur future wage loss; and

h.  He will incur future medical bills.

30.  The injuries sustained by Plaintiff which are the subject of this action have required Plaintiff to abandon his goal of becoming an art teacher and/or architect, due to the ongoing physical limitations, pain and discomfort he continues to endure, which he reasonably expects will be permanent.

31.  The conduct of the Defendant was wanton and outrageous warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff Robert Hollingshead prays this Honorable Court to find judgment against the Defendant Larry Tarbox, individually and in favor of

the Plaintiff for compensatory and punitive damages in the sum in excess of One

Million Five Hundred Thousand Dollars and costs.

**COUNT II**
**HOLLINGSHEAD v. LARRY TARBOX**
**CIVIL RIGHTS VIOLATION**

32.    Plaintiff incorporates by reference averments 1 through 31 as though set

forth at length herein.

33.    Jurisdiction is proper in this court pursuant to 42 U.S.C. § 1983.

34.    At all times relevant hereto, Defendant Tarbox was a willful participant and

beneficiary of the joint state action and thus operating under the color of

law.

35.    At all times relevant hereto, Plaintiff's ordered community service sentence

and Defendant Tarbox's joint state action placed Plaintiff in the mandatory

custody or the functional equivalent thereof, of Defendant Tarbox and

therefore a special relationship existed between Defendant Larry Tarbox and

Plaintiff.

36.    Defendant breached his affirmative duty of care and protection of harm by

knowingly exposing minor Plaintiff to dangerous machinery which minor

was not trained to operate, adequately supervised, and in violation of

Pennsylvania Child Labor laws and therefore created the danger to Plaintiff

37.   As a result of the danger created by the Defendant and breach of
Defendant's affirmative duty, as more fully stated above, Defendant
deprived and/or violated minor Plaintiff's 14th Amendment rights not to be
"deprive[d]… of life, liberty, or property without due process of law…."

38.   As a direct and/or proximate result of the danger created by Defendant and
Defendants Tarbox's breach of the affirmative duty owed Plaintiff, as more
fully set forth in this Complaint, Plaintiff suffered severe, serious and
permanent injuries, including but not limited to the following:

   a.  near amputation of his left hand;

   b.  severe atrophy of the left forearm; and

   c.  other injuries;

   Some or all of the above listed injures may be permanent in nature and/or
   cause permanent restrictions/disabilities.

39.   As a consequence of the aforesaid injuries, Plaintiff has sustained damages
as follows:

   a. Future earning ability and capacity has been permanently
      diminished and adversely affected;

   b. He has suffered and will continue to suffer great pain,
      inconvenience, embarrassment, and mental anguish;

c. He has suffered economic loss and is unable to perform certain household and other services and will continue to be unable to do so in the future;

d. He has been required to expend large sums of monies for surgical and medical attention, hospital, medical supplies, surgical appliances, therapeutic treatment, medicines, and attendant services;

e. His health in general has been seriously and permanently impaired and compromised;

f. He has sustained a permanent diminution in the ability to enjoy life and life's pleasures;

g. He has incurred past and will incur future wage loss; and

h.    He will incur future medical bills.

40. The injuries sustained by Plaintiff which are the subject of this action have required Plaintiff to abandon his goal of becoming an art teacher and/or architect, due to the ongoing physical limitations, pain and discomfort he continues to endure, which he reasonably expects will be permanent.

41. The conduct of the Defendant was wanton and outrageous warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff Robert Hollingshead prays this honorable court to find judgment against the Defendant Larry Tarbox, individually and in favor of the Plaintiff for compensatory and punitive damages in the sum in excess of One Million Five Hundred Thousand Dollars and costs.

### COUNT III
### HOLLINGSHEAD v. JOANNE TARBOX
### NEGLIGENCE

42. Plaintiff incorporates by reference averments 1 through 41 as though set forth at length herein.

43. At all times relevant hereto, Plaintiff was under the care, custody and control of Defendant Joanne Tarbox as required by Defendant Somerset County in order to perform community service.

44. The injuries suffered by Plaintiff were the direct and/or proximate result of Defendant Joanne Tarbox's negligence in any and/or all of the following respects:

    a. Not operating the log splitter with the requisite skill, care and attention;

    b. Not adequately supervising the Plaintiff;

    c. Not providing and/or requiring the use of adequate safety/protective devices   to prevent or minimize the risk of injury to Plaintiff of the type suffered by him.

45.   As a direct and/or proximate result of Defendants Joanne Tarbox's negligence, as more fully set forth in this Complaint, Plaintiff suffered severe, serious and permanent injuries, including but not limited to the following:

a.  near amputation of his left hand;

b.  Severe atrophy of the left forearm; and

c.  Other injuries;

Some or all of the above listed injures may be permanent in nature and/or cause permanent restrictions/disabilities.

46.   As a consequence of the aforesaid injuries, Plaintiff has sustained damages as follows:

a. Future earning ability and capacity has been permanently diminished and adversely affected;

b. He has suffered and will continue to suffer great pain, inconvenience, embarrassment, and mental anguish;

c. He has suffered economic loss and is unable to perform certain household and other services and will continue to be unable to do so in the future;

d. He has been required to expend large sums of monies for surgical and medical attention, hospital, medical supplies, surgical

     appliances, therapeutic treatment, medicines, and attendant

     services;

   e. His health in general has been seriously and permanently impaired

     and compromised;

   f. He has sustained a permanent diminution in the ability to enjoy life

     and life's pleasures;

   g. He has incurred past and will incur future wage loss; and

    h.   He will incur future medical bills.

47. The injuries sustained by Plaintiff which are the subject of this action

   have required Plaintiff to abandon his goal of becoming an art teacher

   and/or architect, due to the ongoing physical limitations, pain and

   discomfort he continues to endure, which he reasonably expects will be

   permanent.

48. The conduct of the Defendant was wanton and outrageous warranting the

   imposition of punitive damages.

     **WHEREFORE,** Plaintiff Robert Hollingshead prays this Honorable Court

to find judgment against the Defendant Joanne Tarbox, individually and in favor of

the Plaintiff for compensatory and punitive damages in the sum of One Million

Five Hundred Thousand Dollars and costs.

## COUNT IV
## HOLLINGSHEAD v. JOANNE TARBOX
## RESPONDEAT SUPERIOR

49. Plaintiff incorporates by reference averments 1 through 48 as though set forth at length herein.

50. At all times relevant hereto, Plaintiff was under the care, custody and control of Defendant Joanne Tarbox as required by Defendant Somerset County in order to perform community service.

51. Defendant Joanne Tarbox is vicariously liable for the conduct of her agents, employees, and/or servants under the doctrine of respondeat superior.

52. The injuries suffered by Plaintiff were the direct and/or proximate result of Defendant Joanne Tarbox's agents, employees, and/or servants' negligence in any and/or all of the following respects:

    a.  Not operating the log splitter with the requisite skill, care and attention;

    b.  Not adequately supervising the Plaintiff;

    c.  Not providing and/or requiring the use of adequate safety/protective devices   to prevent or minimize the risk of injury to Plaintiff of the type suffered by him.

53. As a direct and/or proximate result of Defendants Joanne Tarbox's agents, employees, and/or servants' negligence, as more fully set forth in this

Complaint, Plaintiff suffered severe, serious and permanent injuries,

including but not limited to the following:

    a.  near amputation of his left hand;

    b.  Severe atrophy of the left forearm; and

    c.  Other injuries;

Some or all of the above listed injures may be permanent in nature and/or

cause permanent restrictions/disabilities.

54.  As a consequence of the aforesaid injuries, Plaintiff has sustained damages

as follows:

    a. Future earning ability and capacity has been permanently

diminished and adversely affected;

    b. He has suffered and will continue to suffer great pain,

inconvenience, embarrassment, and mental anguish;

    c. He has suffered economic loss and is unable to perform certain

household and other services and will continue to be unable to do

so in the future;

    d. He has been required to expend large sums of monies for surgical

and medical attention, hospital, medical supplies, surgical

appliances, therapeutic treatment, medicines, and attendant

services;

e. His health in general has been seriously and permanently impaired and compromised;

f. He has sustained a permanent diminution in the ability to enjoy life and life's pleasures;

g. He has incurred past and will incur future wage loss; and

h.   He will incur future medical bills.

55. The injuries sustained by Plaintiff which are the subject of this action have required Plaintiff to abandon his goal of becoming an art teacher and/or architect, due to the ongoing physical limitations, pain and discomfort he continues to endure, which he reasonably expects will be permanent.

56. The conduct of the Defendant was wanton and outrageous warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff Robert Hollingshead prays this Honorable Court to find judgment against the Defendant Joanne Tarbox, individually and in favor of the Plaintiff for compensatory and punitive damages in the sum of One Million Five Hundred Thousand Dollars and costs.

## COUNT V
## HOLLINGSHEAD v. JOANNE TARBOX
## CIVIL RIGHTS VIOLATION

57. Plaintiff incorporates by reference averments 1 through 56 as though set forth at length herein.

58. Jurisdiction is proper in this court pursuant to 42 U.S.C. § 1983.

59. At all times relevant hereto, Defendant Joanne Tarbox was a willful participant and beneficiary of the joint state action and thus operating under the color of law.

60. At all times relevant hereto, Plaintiff's ordered community service sentence and Defendant Joanne Tarbox's joint state action placed Plaintiff in the mandatory custody or the functional equivalent thereof, of Defendant Joanne Tarbox and therefore a special relationship existed between Defendant Joanne Tarbox and Plaintiff.

61. Defendant breached her affirmative duty of care and protection of harm by knowingly exposing minor Plaintiff to dangerous machinery which minor was not trained to operate, adequately supervised, and in violation of Pennsylvania Child Labor laws and therefore created the danger to Plaintiff.

62. As a result of the danger created and breach of Defendant's affirmative duty, as more fully stated above, Defendant deprived and/or violated minor

Plaintiff's 14th Amendment rights not to be "deprive[d]… of life, liberty, or property without due process of law…."

63.   As a direct and/or proximate result of the danger created by Defendant and Defendant Joanne Tarbox's breach of the affirmative duty owed Plaintiff, as more fully set forth in this Complaint, Plaintiff suffered severe, serious and permanent injuries, including but not limited to the following:

    a.  near amputation of his left hand;

    b.  severe atrophy of the left forearm; and

    c.  other injuries;

Some or all of the above listed injures may be permanent in nature and/or cause permanent restrictions/disabilities.

64.   As a consequence of the aforesaid injuries, Plaintiff has sustained damages as follows:

    a. Future earning ability and capacity has been permanently diminished and adversely affected;

    b. He has suffered and will continue to suffer great pain, inconvenience, embarrassment, and mental anguish;

    c. He has suffered economic loss and is unable to perform certain household and other services and will continue to be unable to do so in the future;

d. He has been required to expend large sums of monies for surgical and medical attention, hospital, medical supplies, surgical appliances, therapeutic treatment, medicines, and attendant services;

e. His health in general has been seriously and permanently impaired and compromised;

f. He has sustained a permanent diminution in the ability to enjoy life and life's pleasures;

g. He has incurred past and will incur future wage loss; and

h.    He will incur future medical bills.

65. The injuries sustained by Plaintiff which are the subject of this action have required Plaintiff to abandon his goal of becoming an art teacher and/or architect, due to the ongoing physical limitations, pain and discomfort he continues to endure, which he reasonably expects will be permanent.

66.   The conduct of the Defendant was wanton and outrageous warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff Robert Hollingshead prays this honorable court to find judgment against the Defendant Joanne Tarbox, individually and in favor of the

Plaintiff for compensatory and punitive damages in a sum in excess of One Million

Five Hundred Thousand Dollars and costs.

## COUNT V
## HOLLINGSHEAD v. MARGARET WESNESKI
## NEGLIGENCE

67.  Plaintiff incorporates by reference averments 1 through 66 as though set forth

at length herein.

68.  At all times relevant hereto, Plaintiff was under the care, custody and control

of Defendant Wesneski by through her board position and daily operation of

Defendants Evergreen and Tink and Peg's Place as required by Defendant

Somerset County in order to perform community service.

69.  The injuries suffered by Plaintiff were the direct and/or proximate result of

Defendant Wesneski's negligence in any and/or all of the following respects:

a.  Not operating the log splitter with the requisite skill, care and attention;

b.  Not adequately supervising the Plaintiff;

c.  Not providing and/or requiring the use of adequate safety/protective

devices to prevent or minimize the risk of injury to Plaintiff of the type

suffered by him;

d.  Not inspecting the log splitter to identify its inherently dangerous

attributes which made the log splitter unreasonably dangerous if used as

intended.

70.   As a direct and/or proximate result of Defendants Wesneski's negligence, as more fully set forth in this Complaint, Plaintiff suffered severe, serious and permanent injuries, including but not limited to the following:

    a.  near amputation of his left hand;

    b.  Severe atrophy of the left forearm; and

    c.  Other injuries;

    d.  Some or all of the above listed injures may be permanent in nature and/or cause permanent restrictions/disabilities.

71.   As a consequence of the aforesaid injuries, Plaintiff has sustained damages as follows:

    a.  Future earning ability and capacity has been permanently diminished and adversely affected;

    b.  He has suffered and will continue to suffer great pain, inconvenience, embarrassment, and mental anguish;

    c.  He has suffered economic loss and is unable to perform certain household and other services and will continue to be unable to do so in the future;

    d.  He has been required to expend large sums of monies for surgical and medical attention, hospital, medical supplies, surgical

appliances, therapeutic treatment, medicines, and attendant

services;

e.  His health in general has been seriously and permanently impaired

and compromised;

f.  He has sustained a permanent diminution in the ability to enjoy life

and life's pleasures;

g.  He has incurred past and will incur future wage loss; and

h.  He will incur future medical bills.

72.  The injuries sustained by Plaintiff which are the subject of this action

have required Plaintiff to abandon his goal of becoming an art teacher

and/or architect, due to the ongoing physical limitations, pain and

discomfort he continues to endure, which he reasonably expects will

be permanent.

73.  The conduct of the Defendant was wanton and outrageous warranting

the imposition of punitive damages.

**WHEREFORE,** Plaintiff Robert Hollingshead prays this Honorable Court

to find judgment against the Defendant Margaret Wesneski, individually and in

favor of the Plaintiff for compensatory and punitive damages in the sum in excess

of One Million Five Hundred Thousand Dollars and costs.

## COUNT VI
## HOLLINGSHEAD v. MARGARET WESNESKI
## RESPONDEAT SUPERIOR

74.  Plaintiff incorporates by reference averments 1 through 73 as though set forth
     at length herein.

75.  At all times relevant hereto, Plaintiff was under the care, custody and control
     of Defendant Wesneski by through her board position and daily operation of
     Defendants Evergreen and Tink and Peg's Place as required by Defendant
     Somerset County in order to perform community service.

76.  Defendant is vicariously liable for the conduct of her agents, employees,
     and/or servants through the doctrine of respondeat superior.

77.  The injuries suffered by Plaintiff were the direct and/or proximate result of
     Defendant Wesneski's agents, employees, and/or servants' negligence in any
     and/or all of the following respects:

     a.  Not operating the log splitter with the requisite skill, care and attention;

     b.  Not adequately supervising the Plaintiff;

     c.  Not providing and/or requiring the use of adequate safety/protective
         devices to prevent or minimize the risk of injury to Plaintiff of the type
         suffered by him;

d.  Not inspecting the log splitter to identify its inherently dangerous attributes which made the log splitter unreasonably dangerous if used as intended.

78.  As a direct and/or proximate result of Defendants Wesneski's negligence, as more fully set forth in this Complaint, Plaintiff suffered severe, serious and permanent injuries, including but not limited to the following:

e.  near amputation of his left hand;

f.  Severe atrophy of the left forearm; and

g.  Other injuries;

h.  Some or all of the above listed injures may be permanent in nature and/or cause permanent restrictions/disabilities.

79.  As a consequence of the aforesaid injuries, Plaintiff has sustained damages as follows:

a.  Future earning ability and capacity has been permanently diminished and adversely affected;

b.  He has suffered and will continue to suffer great pain, inconvenience, embarrassment, and mental anguish;

c.  He has suffered economic loss and is unable to perform certain household and other services and will continue to be unable to do so in the future;

    d.  He has been required to expend large sums of monies for surgical and medical attention, hospital, medical supplies, surgical appliances, therapeutic treatment, medicines, and attendant services;

    e.  His health in general has been seriously and permanently impaired and compromised;

    f.  He has sustained a permanent diminution in the ability to enjoy life and life's pleasures;

    g.  He has incurred past and will incur future wage loss; and

    h.  He will incur future medical bills.

80.  The injuries sustained by Plaintiff which are the subject of this action have required Plaintiff to abandon his goal of becoming an art teacher and/or architect, due to the ongoing physical limitations, pain and discomfort he continues to endure, which he reasonably expects will be permanent.

81.  The conduct of the Defendant was wanton and outrageous warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff Robert Hollingshead prays this Honorable Court to find judgment against the Defendant Margaret Wesneski, individually and in favor of

the Plaintiff for compensatory and punitive damages in the sum in excess of One

Million Five Hundred Thousand Dollars and costs.

## COUNT VII
## HOLLINGSHEAD v. MARGARET WESNESKI
## CIVIL RIGHTS VIOLATION

82.   Plaintiff incorporates by reference averments 1 through 81 as though set forth

at length herein.

83.   Jurisdiction is proper in this court pursuant to 42 U.S.C. § 1983.

84.   At all times relevant hereto, Defendant Wesneski was a willful participant and

beneficiary of the joint state action and thus operating under the color of

law.

85.   At all times relevant hereto, Plaintiff's ordered community service sentence

and Defendant Wesneski's joint state action placed Plaintiff in the

mandatory custody or the functional equivalent thereof, of Defendant

Wesneski and therefore a special relationship existed between Defendant

Wesneski and Plaintiff.

86.   Defendant breached his affirmative duty of care and protection of harm by

knowingly exposing minor Plaintiff to dangerous machinery which minor

was not trained to operate, adequately supervised, and in violation of

Pennsylvania Child Labor laws and therefore created the danger to Plaintiff

87.  As a result of the danger created by the Defendant and breach of Defendant's affirmative duty, as more fully stated above, Defendant deprived and/or violated minor Plaintiff's 14th Amendment rights not to be "deprive[d]… of life, liberty, or property without due process of law…."

88.  As a direct and/or proximate result of the danger created by Defendant and Defendants Wesneski's breach of the affirmative duty owed Plaintiff, as more fully set forth in this Complaint, Plaintiff suffered severe, serious and permanent injuries, including but not limited to the following:

a.  near amputation of his left hand;

b.  severe atrophy of the left forearm; and

c.  other injuries;

Some or all of the above listed injures may be permanent in nature and/or cause permanent restrictions/disabilities.

89.  As a consequence of the aforesaid injuries, Plaintiff has sustained damages as follows:

a. Future earning ability and capacity has been permanently diminished and adversely affected;

b. He has suffered and will continue to suffer great pain, inconvenience, embarrassment, and mental anguish;

    c. He has suffered economic loss and is unable to perform certain household and other services and will continue to be unable to do so in the future;

    d. He has been required to expend large sums of monies for surgical and medical attention, hospital, medical supplies, surgical appliances, therapeutic treatment, medicines, and attendant services;

    e. His health in general has been seriously and permanently impaired and compromised;

    f. He has sustained a permanent diminution in the ability to enjoy life and life's pleasures;

    g. He has incurred past and will incur future wage loss; and

    h.   He will incur future medical bills.

90. The injuries sustained by Plaintiff which are the subject of this action have required Plaintiff to abandon his goal of becoming an art teacher and/or architect, due to the ongoing physical limitations, pain and discomfort he continues to endure, which he reasonably expects will be permanent.

91. The conduct of the Defendant was wanton and outrageous warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff Robert Hollingshead prays this honorable court to find judgment against the Defendant Margaret Wesneski, individually and in favor of the Plaintiff for compensatory and punitive damages in the sum in excess of One Million Five Hundred Thousand Dollars and costs.

**COUNT VIII**
**HOLLINGSHEAD v. WESLEY WESNESKI**
**NEGLIGENCE**

92.   Plaintiff incorporates by reference averments 1 through 91 as though set forth at length herein.

93.   At all times relevant hereto, Plaintiff was under the care, custody and control of Defendant Wesneski by through his board position and daily operation of Defendants Evergreen and Tink and Peg's Place as required by Defendant Somerset County in order to perform community service.

94.   The injuries suffered by Plaintiff were the direct and/or proximate result of Defendant Wesneski's negligence in any and/or all of the following respects:

   a.  Not operating the log splitter with the requisite skill, care and attention;

   b.  Not adequately supervising the Plaintiff;

   c.  Not providing and/or requiring the use of adequate safety/protective devices  to prevent or minimize the risk of injury to Plaintiff of the type suffered by him;

d.  Not inspecting the log splitter to identify its inherently dangerous

attributes which made the log splitter unreasonably dangerous if used as

intended..

95.  As a direct and/or proximate result of Defendants Wesneski's negligence, as

more fully set forth in this Complaint, Plaintiff suffered severe, serious and

permanent injuries, including but not limited to the following:

a.  near amputation of his left hand;

b.  Severe atrophy of the left forearm; and

c.  Other injuries;

Some or all of the above listed injures may be permanent in nature and/or

cause permanent restrictions/disabilities.

96.  As a consequence of the aforesaid injuries, Plaintiff has sustained damages

as follows:

a. Future earning ability and capacity has been permanently

diminished and adversely affected;

b. He has suffered and will continue to suffer great pain,

inconvenience, embarrassment, and mental anguish;

c. He has suffered economic loss and is unable to perform certain

household and other services and will continue to be unable to do

so in the future;

d. He has been required to expend large sums of monies for surgical and medical attention, hospital, medical supplies, surgical appliances, therapeutic treatment, medicines, and attendant services;

e. His health in general has been seriously and permanently impaired and compromised;

f. He has sustained a permanent diminution in the ability to enjoy life and life's pleasures;

g. He has incurred past and will incur future wage loss; and

h. He will incur future medical bills.

97. The injuries sustained by Plaintiff which are the subject of this action have required Plaintiff to abandon his goal of becoming an art teacher and/or architect, due to the ongoing physical limitations, pain and discomfort he continues to endure, which he reasonably expects will be permanent.

98. The conduct of the Defendant was wanton and outrageous warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff Robert Hollingshead prays this Honorable Court to find judgment against the Defendant Wesley Wesneski, individually and in

favor of the Plaintiff for compensatory and punitive damages in the sum of One

Million Five Hundred Thousand Dollars and costs.

## COUNT IX
## HOLLINGSHEAD v. WESLEY WESNESKI
## RESPONDEAT SUPERIOR

99. Plaintiff incorporates by reference averments 1 through 98 as though set forth at

length herein.

100.   At all times relevant hereto, Plaintiff was under the care, custody and control

of Defendant Wesneski by through his board position and daily operation of

Defendants Evergreen and Tink and Peg's Place as required by Defendant

Somerset County in order to perform community service.

101.    Defendant is vicariously liable for the conduct of his agents, employees,

and/or servants through the doctrine of respondeat superior.

102.   The injuries suffered by Plaintiff were the direct and/or proximate result of

Defendant Wesneski's agents, employees, and/or servants' negligence in any

and/or all of the following respects:

    a.  Not operating the log splitter with the requisite skill, care and attention;

    b.  Not adequately supervising the Plaintiff;

    c.  Not providing and/or requiring the use of adequate safety/protective

       devices to prevent or minimize the risk of injury to Plaintiff of the type

       suffered by him;

d.  Not inspecting the log splitter to identify its inherently dangerous attributes which made the log splitter unreasonably dangerous if used as intended.

103.  As a direct and/or proximate result of Defendants Wesneski's negligence, as more fully set forth in this Complaint, Plaintiff suffered severe, serious and permanent injuries, including but not limited to the following:

a.  near amputation of his left hand;

b.  Severe atrophy of the left forearm; and

c.  Other injuries;

d.  Some or all of the above listed injures may be permanent in nature and/or cause permanent restrictions/disabilities.

104.  As a consequence of the aforesaid injuries, Plaintiff has sustained damages as follows:

a.  Future earning ability and capacity has been permanently diminished and adversely affected;

b.  He has suffered and will continue to suffer great pain, inconvenience, embarrassment, and mental anguish;

c.  He has suffered economic loss and is unable to perform certain household and other services and will continue to be unable to do so in the future;

d.   He has been required to expend large sums of monies for surgical and medical attention, hospital, medical supplies, surgical appliances, therapeutic treatment, medicines, and attendant services;

e.   His health in general has been seriously and permanently impaired and compromised;

f.   He has sustained a permanent diminution in the ability to enjoy life and life's pleasures;

g.   He has incurred past and will incur future wage loss; and

h.   He will incur future medical bills.

105.   The injuries sustained by Plaintiff which are the subject of this action have required Plaintiff to abandon his goal of becoming an art teacher and/or architect, due to the ongoing physical limitations, pain and discomfort he continues to endure, which he reasonably expects will be permanent.

106.   The conduct of the Defendant was wanton and outrageous warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff Robert Hollingshead prays this Honorable Court to find judgment against the Defendant Wesley Wesneski, individually and in favor of the

Plaintiff for compensatory and punitive damages in the sum in excess of One

Million Five Hundred Thousand Dollars and costs.

**COUNT X**
**HOLLINGSHEAD v. WESLEY WESNESKI**
**CIVIL RIGHTS VIOLATION**

107.   Plaintiff incorporates by reference averments 1 through 106 as though set

forth at length herein.

108.   Jurisdiction is proper in this court pursuant to 42 U.S.C. § 1983.

109.   At all times relevant hereto, Defendant Wesneski was a willful participant

and beneficiary of the joint state action and thus operating under the color of

law.

110.   At all times relevant hereto, Plaintiff's ordered community service sentence

and Defendant Wesneski's joint state action placed Plaintiff in the

mandatory custody or the functional equivalent thereof, of Defendant

Wesneski and therefore a special relationship existed between Defendant

Wesneski and Plaintiff.

111.   Defendant breached his affirmative duty of care and protection of harm by

knowingly exposing minor Plaintiff to dangerous machinery which minor

was not trained to operate, adequately supervised, and in violation of

Pennsylvania Child Labor laws and therefore created the danger to Plaintiff.

112.  As a result of the danger created and breach of Defendant's affirmative duty, as more fully stated above, Defendant deprived and/or violated minor Plaintiff's 14th Amendment rights not to be "deprive[d]… of life, liberty, or property without due process of law…."

113.  As a direct and/or proximate result of the danger created by Defendant and Defendant Wesneski's breach of the affirmative duty owed Plaintiff, as more fully set forth in this Complaint, Plaintiff suffered severe, serious and permanent injuries, including but not limited to the following:

   a.  near amputation of his left hand;

   b.  severe atrophy of the left forearm; and

   c.  other injuries;

   Some or all of the above listed injures may be permanent in nature and/or cause permanent restrictions/disabilities.

114.  As a consequence of the aforesaid injuries, Plaintiff has sustained damages as follows:

   a. Future earning ability and capacity has been permanently diminished and adversely affected;

   b. He has suffered and will continue to suffer great pain, inconvenience, embarrassment, and mental anguish;

c. He has suffered economic loss and is unable to perform certain household and other services and will continue to be unable to do so in the future;

d. He has been required to expend large sums of monies for surgical and medical attention, hospital, medical supplies, surgical appliances, therapeutic treatment, medicines, and attendant services;

e. His health in general has been seriously and permanently impaired and compromised;

f. He has sustained a permanent diminution in the ability to enjoy life and life's pleasures;

g. He has incurred past and will incur future wage loss; and

h.   He will incur future medical bills.

115.   The injuries sustained by Plaintiff which are the subject of this action have required Plaintiff to abandon his goal of becoming an art teacher and/or architect, due to the ongoing physical limitations, pain and discomfort he continues to endure, which he reasonably expects will be permanent.

116.   The conduct of the Defendant was wanton and outrageous warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff Robert Hollingshead prays this honorable court to find

judgment against the Defendant Wesley Wesneski, individually and in favor of the

Plaintiff for compensatory and punitive damages in a sum in excess of One Million

Five Hundred Thousand Dollars and costs.

## COUNT XI
## HOLLINGSHEAD v. SOMERSET COUNTY JUVENILE PROBATION NEGLIGENCE

117. Plaintiff incorporates by reference averments 1 through 116 as though set

forth at length herein.

118. Defendant Somerset was required by law to take, or voluntarily took,

custody of Plaintiff under circumstances such as to deprive Plaintiff of his

normal power of self-protection and under circumstances such as to subject

Plaintiff to association with persons likely to harm Plaintiff and therefore a

special relationship existed between Defendant Somerset and Plaintiff.

119. Defendant Somerset had a duty to exercise reasonable care so as to control

the conduct of Defendants Larry and/or Joanne Tarbox as to prevent them

from conducting themselves as to create an unreasonable risk of harm to

Plaintiff.

120. Defendant Somerset knew or should have known that it had the ability to

control the conduct of Defendants Larry and/or Joanne Tarbox, and/or

Evergreen, Margaret and Wesley Wesneski, Tink and Peg's Place Inc.,.

121.  Defendant Somerset knew or should have known of the necessity and opportunity  for exercising existing control over the conduct of Defendants Larry and/or Joanne Tarbox and/or Evergreen, Margaret and/or Wesley Wesneski, Tink and Peg's Place Inc.,.

122.  The injuries suffered by Plaintiff were the direct and/or proximate result of Defendant Somerset's negligence in any and/or all of the following respects:

   a.  Not controlling the conduct of Larry and/or Joanne Tarbox and/or Evergreen Margaret and/or Wesley Wesneski, and/or Tink and Peg's Place Inc.,, Defendant Somerset being an entity that was required by law or voluntarily undertook supervision of Plaintiff under circumstances such as to deprive Plaintiff of his normal power of self-protection or to subject him to association with persons likely to harm him;

   b.  Not exercising reasonable care so as to control the conduct of Larry and/or Joanne Tarbox and/or Evergreen and/or Margaret and/or Wesley Wesneski, and/or Tink and Peg's Place Inc.,as to prevent them from intentionally harming Plaintiff or so conducting themselves as to create an unreasonable risk of harm to Plaintiff,

   c.  Knowing or having reason to know that it had the ability to control the conduct of Larry and/or Joanne Tarbox and/or Evergreen and/or

Margaret and/or Wesley Wesneski, and/or Tink and Peg's Place Inc.,
and knowing or having reason to know of the necessity and
opportunity for exercising such control;

d. Negligently entrusting the care, custody and control of Plaintiff to
Defendants Larry and/or Joanne Tarbox and/or Evergreen and/or
Margaret and/or Wesley Wesneski, and/or Tink and Peg's Place Inc.,;

e. Not taking custody and/or detain minor Plaintiff when said defendant
had reasonable cause to believe that the safety of the minor Plaintiff
was in imminent danger by being subjected to the untrained use of the
log splitter;

f. Not taking custody and/or detain minor Plaintiff when said defendant
had reasonable cause to believe that the safety of the minor Plaintiff
was in imminent danger by being subjected to the untrained use of the
log splitter in violation of 42 Pa.C.S.A. §6304(5);

g. Not adequately supervising a minor child committed to its custody;

h. Not adequately supervising a minor child committed to its custody in
violation of 42 Pa.C.S.A. §6304(3);

i. Allowing minor Plaintiff to be exposed to the operation of machinery
in violation of Pennsylvania's Child Labor Laws 43 P.S. §44; and

j.   Not inspecting the log splitter to identify its inherently dangerous attributes which made the log splitter unreasonably dangerous if used as intended.

123.   As a direct and/or proximate result of Defendants Somerset's negligence, as more fully set forth in this Complaint, Plaintiff suffered severe, serious and permanent injuries, including but not limited to the following:

a.   near amputation of his left hand;

b.   severe atrophy of the left forearm; and

c.   other injuries;

Some or all of the above listed injures may be permanent in nature and/or cause permanent restrictions/disabilities.

124.   As a consequence of the aforesaid injuries, Plaintiff has sustained damages as follows:

a.   Future earning ability and capacity has been permanently diminished and adversely affected;

b.   He has suffered and will continue to suffer great pain, inconvenience, embarrassment, and mental anguish;

c.   He has suffered economic loss and is unable to perform certain household and other services and will continue to be unable to do so in the future;

d.   He has been required to expend large sums of monies for surgical and medical attention, hospital, medical supplies, surgical appliances, therapeutic treatment, medicines, and attendant services;

e.   His health in general has been seriously and permanently impaired and compromised;

f.   He has sustained a permanent diminution in the ability to enjoy life and life's pleasures;

g.   He has incurred past and will incur future wage loss; and

h.   He will incur future medical bills.

125.   The injuries sustained by Plaintiff which are the subject of this action have required Plaintiff to abandon his goal of becoming an art teacher and/or architect, due to the ongoing physical limitations, pain and discomfort he continues to endure, which he reasonably expects will be permanent.

126.   Defendant's sovereign immunity is waived pursuant to 42 Pa.C.S.A. §8522 (b)(3).

127.   The conduct of the Defendant was wanton and outrageous warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff Robert Hollingshead prays this honorable court to find judgment against the Defendant Somerset County Juvenile Probation, individually and in favor of the Plaintiff for compensatory and punitive damages in excess of One Million Five Hundred Thousand Dollars and costs.

**COUNT X**
**HOLLINGSHEAD v. SOMERSET COUNTY JUVENILE PROBATION**
**CIVIL RIGHTS VIOLATION**

128. Plaintiff incorporates by reference averments 1 through 127 as though set forth at length herein.

129. Jurisdiction is proper in this court pursuant to 42 U.S.C. § 1983.

130. At all times relevant hereto, Plaintiff was ordered into the custody of Defendant Somerset and therefore a special relationship existed between Defendant Somerset and Plaintiff.

131. At all times relevant hereto, Defendant Somerset was a willing participant in joint state action and operating under the color of state law, 42 Pa.C.S.A. §6304.

132. At all times relevant hereto, Plaintiff's ordered community service sentence and Defendant Somerset's joint state action placed Plaintiff in the mandatory custody or the functional equivalent thereof, of Defendant Somerset.

133. Defendant created the danger and breached its affirmative duty of care and protection of harm by knowingly exposing minor Plaintiff to dangerous

machinery which minor was not trained to operate, adequately supervised, and in violation of Pennsylvania Child Labor laws.

134. As a result of the danger created by Defendant and breach of Defendant's affirmative duty, as more fully stated above, Defendant deprived and/or violated minor Plaintiff's 14th Amendment rights not to be "deprive[d]… of life, liberty, or property without due process of law…."

135. As a direct and/or proximate result of the danger created by Defendant and Defendants Somerset's breach of the affirmative duty owed Plaintiff, as more fully set forth in this Complaint, Plaintiff suffered severe, serious and permanent injuries, including but not limited to the following:

    a.    near amputation of his left hand;

    b.    severe atrophy of the left forearm; and

    c.    other injuries;

    d.    Some or all of the above listed injures may be permanent in nature and/or cause permanent restrictions/disabilities.

136. As a consequence of the aforesaid injuries, Plaintiff has sustained damages as follows:

    a.    Future earning ability and capacity has been permanently diminished and adversely affected;

b.    He has suffered and will continue to suffer great pain, inconvenience, embarrassment, and mental anguish;

c.    He has suffered economic loss and is unable to perform certain household and other services and will continue to be unable to do so in the future;

d.    He has been required to expend large sums of monies for surgical and medical attention, hospital, medical supplies, surgical appliances, therapeutic treatment, medicines, and attendant services;

e.    His health in general has been seriously and permanently impaired and compromised;

f.    He has sustained a permanent diminution in the ability to enjoy life and life's pleasures;

g.    He has incurred past and will incur future wage loss; and

h.    He will incur future medical bills.

137.   The injuries sustained by Plaintiff which are the subject of this action have required Plaintiff to abandon his goal of becoming an art teacher and/or architect, due to the ongoing physical limitations, pain and discomfort he continues to endure, which he reasonably expects will be permanent.

138. The conduct of the Defendant was wanton and outrageous warranting the imposition of punitive damages.

WHEREFORE, Plaintiff Robert Hollingshead prays this honorable court to find judgment against the Defendant Somerset County Juvenile Probation, individually and in favor of the Plaintiff for compensatory and punitive damages in excess of One Million Five Hundred Thousand Dollars and costs.

## COUNT XI
## HOLLINGSHEAD v. EVERGREEN HALFWAY HOUSE
## NEGLIGENCE

139. Plaintiff incorporates by reference averments 1 through 138 as though set forth at length herein.

140. Defendant Evergreen was required by law to take, or voluntarily took, custody of Plaintiff under circumstances such as to deprive Plaintiff of his normal power of self-protection and under circumstances such as to subject Plaintiff to association with persons likely to harm Plaintiff and therefore a special relationship existed between Defendant and Plaintiff.

141. Defendant Evergreen had a duty to exercise reasonable care so as to control the conduct of Defendants Larry and/or Joanne Tarbox  as to prevent them from conducting themselves as to create an unreasonable risk of harm to Plaintiff.

142. Defendant Evergreen knew or should have known that it had the ability to control       the conduct of Larry and/or Joanne Tarbox.

143. Defendant Evergreen knew or should have known of the necessity and opportunity for exercising existing such control over the conduct of Larry and/or Joanne Tarbox.

144. The injuries suffered by Plaintiff were the direct and/or proximate result of Defendant Evergreen's negligence in any and/or all of the following respects:

   a.   Not to controling the conduct of Larry and/or Joanne Tarbox;

   b.   Defendant Evergreen being an entity that was required by law or voluntarily undertook supervision of Plaintiff under circumstances such as to deprive Plaintiff of his normal power of self-protection or to subject him to association with persons likely to harm him;

   c.   Not exercising reasonable care so as to control the conduct of Defendant Larry and/or Joanne Tarbox as to prevent them from intentionally harming Plaintiff or so conducting themselves as to create an unreasonable risk of harm to Plaintiff;

   d.   Knowing or having reason to know that it had the ability to control the conduct of Defendants Larry and/or Joanne Tarbox;

e.   Knowing or having reason to know of the necessity and opportunity for exercising such control;

f.   Negligently entrusting the care, custody and control of Plaintiff to Defendants Larry and/or Joanne Tarbox;

g.   Not taking custody and/or detain minor Plaintiff when said defendant had reasonable cause to believe that the safety of the minor Plaintiff was in imminent danger by be subjected to the untrained use of the log splitter;

h.   Not taking custody and/or detain minor Plaintiff when said defendant had reasonable cause to believe that the safety of the minor Plaintiff was in imminent danger by be subjected to the untrained use of the log splitter in violation of 42 Pa.C.S.A. §6304(5);

i.   Not adequately supervising a minor child committed to its custody;

j.   Not adequately supervising a minor child committed to its custody in violation of 42 Pa.C.S.A. §6304(3);

k.   Allowing minor Plaintiff to be exposed to the operation of machinery in violation of Pennsylvania's Child Labor Laws 43 P.S. §44; and

l.   Not inspecting the log splitter to identify its inherently dangerous attributes which made the log splitter unreasonably dangerous if used as intended.

145.   As a direct and/or proximate result of Defendants Somerset's negligence, as more fully set forth in this Complaint, Plaintiff suffered severe, serious and permanent injuries, including but not limited to the following:

   a.   near amputation of his left hand;

   b.   severe atrophy of the left forearm; and

   c.   other injuries;

   d.   Some or all of the above listed injures may be permanent in nature and/or cause permanent restrictions/disabilities.

146.   As a consequence of the aforesaid injuries, Plaintiff has sustained damages as follows:

   a.   Future earning ability and capacity has been permanently diminished and adversely affected;

   b.   He has suffered and will continue to suffer great pain, inconvenience, embarrassment, and mental anguish;

   c.   He has suffered economic loss and is unable to perform certain household and other services and will continue to be unable to do so in the future;

   d.   He has been required to expend large sums of monies for surgical and medical attention, hospital, medical supplies,

surgical appliances, therapeutic treatment, medicines, and

attendant services;

e.   His health in general has been seriously and permanently

impaired and compromised;

f.   He has sustained a permanent diminution in the ability to enjoy

life and life's pleasures;

g.   He has incurred past and will incur future wage loss; and

h.   He will incur future medical bills.

147. The injuries sustained by Plaintiff which are the subject of this action

have required Plaintiff to abandon his goal of becoming an art teacher

and/or architect, due to the ongoing physical limitations, pain and

discomfort he continues to endure, which he reasonably expects will

be permanent.

148. The conduct of the Defendant was wanton and outrageous warranting

the imposition of punitive damages.

**WHEREFORE,** Plaintiff Robert Hollingshead prays this honorable court to

find judgment against the Defendant Evergreen Halfway House, individually and

in favor of the Plaintiff for compensatory and punitive damages in excess of One

Million Five Hundred Thousand Dollars and costs.

**COUNT XII**
**HOLLINGSHEAD v. EVERGREEN HALFWAY HOUSE**
**CIVIL RIGHTS VIOLATION**

149.   Plaintiff incorporates by reference averments 1 through 148 as though set forth at length herein.

150.   Jurisdiction is proper in this court pursuant to 42 U.S.C. § 1983.

151.   At all times relevant hereto, Plaintiff was ordered into the custody of Defendant Evergreen.

152.   At all times relevant hereto, Defendant Evergreen was a willing participant in joint state action and operating under the color of state law, 42 Pa.C.S.A. §6304.

153.   At all times relevant hereto, Plaintiff's ordered community service sentence and Defendants Larry and/or Joanne Tarbox's joint state action placed Plaintiff in the mandatory custody or the functional equivalent thereof, of Defendants Larry and/or Joanne Tarbox.

154.   Defendant created the danger and breached its affirmative duty of care and protection of harm by knowingly exposing minor Plaintiff to dangerous machinery which minor was not trained to operate, adequately supervised, and in violation of Pennsylvania Child Labor laws.

155.   As a result of the danger created by Defendant and breach of Defendant's affirmative duty, as more fully stated above, Defendant deprived and/or violated minor Plaintiff's 14th Amendment rights not to be "deprive[d]… of life, liberty, or property without due process of law…."

156.   As a direct and/or proximate result of the danger created by the Defendant and Defendants Evergreen's breach of the affirmative duty owed Plaintiff, as more fully set forth in this Complaint, Plaintiff suffered severe, serious and permanent injuries, including but not limited to the following:

a.   near amputation of his left hand;

b.   severe atrophy of the left forearm; and

c.   other injuries;

Some or all of the above listed injures may be permanent in nature and/or cause permanent restrictions/disabilities.

157.   As a consequence of the aforesaid injuries, Plaintiff has sustained damages as follows:

a.   Future earning ability and capacity has been permanently diminished and adversely affected;

b.   He has suffered and will continue to suffer great pain, inconvenience, embarrassment, and mental anguish;

c.    He has suffered economic loss and is unable to perform certain

household and other services and will continue to be unable to

do so in the future;

d.    He has been required to expend large sums of monies for

surgical and medical attention, hospital, medical supplies,

surgical appliances, therapeutic treatment, medicines, and

attendant services;

e.    His health in general has been seriously and permanently

impaired and compromised;

f.    He has sustained a permanent diminution in the ability to enjoy

life and life's pleasures;

g.    He has incurred past and will incur future wage loss; and

h.    He will incur future medical bills.

158.   The injuries sustained by Plaintiff which are the subject of this action

have required Plaintiff to abandon his goal of becoming an art teacher

and/or architect, due to the ongoing physical limitations, pain and

discomfort he continues to endure, which he reasonably expects will be

permanent.

159. The conduct of the Defendant was wanton and outrageous warranting

the imposition of punitive damages.

**WHEREFORE,** Plaintiff Robert Hollingshead prays this honorable court to find judgment against the Defendant Evergreen Halfway House, individually and in favor of the Plaintiff for compensatory and punitive damages in excess of One Million Five Hundred Thousand Dollars and costs.

## COUNT XIII
## HOLLINGSHEAD v. TINK AND PEG'S PLACE
## NEGLIGENCE

160. Plaintiff incorporates by reference averments 1 through 159 as though set forth at length herein.

161. Defendant Tink and Peg's Place was required by law to take, or voluntarily took, custody of Plaintiff under circumstances such as to deprive Plaintiff of his normal power of self-protection and under circumstances such as to subject Plaintiff to association with persons likely to harm Plaintiff and therefore a special relationship existed between Defendant and Plaintiff.

162. Defendant Tink and Peg's Place had a duty to exercise reasonable care so as to control the conduct of Defendants Larry and/or Joanne Tarbox  as to prevent them from conducting themselves as to create an unreasonable risk of harm to Plaintiff.

163. Defendant Tink and Peg's Place knew or should have known that it had the ability to control the conduct of Larry and/or Joanne Tarbox.

164. Defendant Tink and Peg's Place knew or should have known of the necessity and opportunity for exercising existing such control over the conduct of Larry and/or Joanne Tarbox.

165. The injuries suffered by Plaintiff were the direct and/or proximate result of Defendant Tink and Peg's Place's negligence in any and/or all of the following respects:

   a. Not to controling the conduct of Larry and/or Joanne Tarbox;

   b. Defendant Tink and Peg's Place being an entity that was required by law or voluntarily undertook supervision of Plaintiff under circumstances such as to deprive Plaintiff of his normal power of self-protection or to subject him to association with persons likely to harm him;

   c. Not exercising reasonable care so as to control the conduct of Defendant Larry and/or Joanne Tarbox as to prevent them from intentionally harming Plaintiff or so conducting themselves as to create an unreasonable risk of harm to Plaintiff;

   d. Knowing or having reason to know that it had the ability to control the conduct of Defendants Larry and/or Joanne Tarbox;

   e. Knowing or having reason to know of the necessity and opportunity for exercising such control;

f.   Negligently entrusting the care, custody and control of Plaintiff to Defendants Larry and/or Joanne Tarbox;

g.   Not taking custody and/or detain minor Plaintiff when said defendant had reasonable cause to believe that the safety of the minor Plaintiff was in imminent danger by be subjected to the untrained use of the log splitter;

h.   Not taking custody and/or detain minor Plaintiff when said defendant had reasonable cause to believe that the safety of the minor Plaintiff was in imminent danger by be subjected to the untrained use of the log splitter in violation of 42 Pa.C.S.A. §6304(5);

i.   Not adequately supervising a minor child committed to its custody;

j.   Not adequately supervising a minor child committed to its custody in violation of 42 Pa.C.S.A. §6304(3);

k.   Allowing minor Plaintiff to be exposed to the operation of machinery in violation of Pennsylvania's Child Labor Laws 43 P.S. §44; and

l.   Not inspecting the log splitter to identify its inherently dangerous attributes which made the log splitter unreasonably dangerous if used as intended.

166.   As a direct and/or proximate result of Defendants Tink and Peg's Place's negligence, as more fully set forth in this Complaint, Plaintiff suffered

severe, serious and permanent injuries, including but not limited to the following:

a.  near amputation of his left hand;

b.  severe atrophy of the left forearm; and

c.  other injuries;

d.  Some or all of the above listed injures may be permanent in nature and/or cause permanent restrictions/disabilities.

167.  As a consequence of the aforesaid injuries, Plaintiff has sustained damages as follows:

a.  Future earning ability and capacity has been permanently diminished and adversely affected;

b.  He has suffered and will continue to suffer great pain, inconvenience, embarrassment, and mental anguish;

c.  He has suffered economic loss and is unable to perform certain household and other services and will continue to be unable to do so in the future;

d.  He has been required to expend large sums of monies for surgical and medical attention, hospital, medical supplies, surgical appliances, therapeutic treatment, medicines, and attendant services;

e.   His health in general has been seriously and permanently
     impaired and compromised;

f.   He has sustained a permanent diminution in the ability to enjoy
     life and life's pleasures;

g.   He has incurred past and will incur future wage loss; and

h.   He will incur future medical bills.

168. The injuries sustained by Plaintiff which are the subject of this action
     have required Plaintiff to abandon his goal of becoming an art teacher
     and/or architect, due to the ongoing physical limitations, pain and
     discomfort he continues to endure, which he reasonably expects will be
     permanent.

169. The conduct of the Defendant was wanton and outrageous warranting
     the imposition of punitive damages.

   **WHEREFORE,** Plaintiff Robert Hollingshead prays this honorable court to
find judgment against the Defendant Tink and Peg's Place, individually and in
favor of the Plaintiff for compensatory and punitive damages in excess of One
Million Five Hundred Thousand Dollars and costs.

**COUNT XIV**
**HOLLINGSHEAD v. TINK AND PEG'S PLACE**
**CIVIL RIGHTS VIOLATION**

170. Plaintiff incorporates by reference averments 1 through 169 as though set forth at length herein.

171. Jurisdiction is proper in this court pursuant to 42 U.S.C. § 1983.

172. At all times relevant hereto, Plaintiff was ordered into the custody of Defendant Evergreen and/or Tink and Peg's Place.

173. At all times relevant hereto, Defendant Tink and Peg's Place was a willing participant in joint state action and operating under the color of state law, 42 Pa.C.S.A. §6304.

174. At all times relevant hereto, Plaintiff's ordered community service sentence and Defendants Tink and Peg's Place's joint state action placed Plaintiff in the mandatory custody or the functional equivalent thereof, of Defendants Tink and Peg's Place's.

175. Defendant created the danger and breached its affirmative duty of care and protection of harm by knowingly exposing minor Plaintiff to dangerous machinery which minor was not trained to operate, adequately supervised, and in violation of Pennsylvania Child Labor laws.

176. As a result of the danger created by Defendant and breach of Defendant's affirmative duty, as more fully stated above, Defendant deprived and/or violated minor Plaintiff's 14th Amendment rights not to be "deprive[d]… of life, liberty, or property without due process of law…."

177. As a direct and/or proximate result of the danger created by the Defendant and Defendants Tink and Peg's Place's breach of the affirmative duty owed Plaintiff, as more fully set forth in this Complaint, Plaintiff suffered severe, serious and permanent injuries, including but not limited to the following:

a.     near amputation of his left hand;

a.  severe atrophy of the left forearm; and

b.  other injuries;

Some or all of the above listed injures may be permanent in nature and/or cause permanent restrictions/disabilities.

178.  As a consequence of the aforesaid injuries, Plaintiff has sustained damages as follows:

a.     Future earning ability and capacity has been permanently diminished and adversely affected;

b.     He has suffered and will continue to suffer great pain, inconvenience, embarrassment, and mental anguish;

c.    He has suffered economic loss and is unable to perform certain household and other services and will continue to be unable to do so in the future;

d.    He has been required to expend large sums of monies for surgical and medical attention, hospital, medical supplies, surgical appliances, therapeutic treatment, medicines, and attendant services;

e.    His health in general has been seriously and permanently impaired and compromised;

f.    He has sustained a permanent diminution in the ability to enjoy life and life's pleasures;

g.    He has incurred past and will incur future wage loss; and

h.    He will incur future medical bills.

179. The injuries sustained by Plaintiff which are the subject of this action have required Plaintiff to abandon his goal of becoming an art teacher and/or architect, due to the ongoing physical limitations, pain and discomfort he continues to endure, which he reasonably expects will be permanent.

180.   The conduct of the Defendant was wanton and outrageous warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff Robert Hollingshead prays this honorable court to find judgment against the Defendant Tink and Peg's Place, individually and in favor of the Plaintiff for compensatory and punitive damages in excess of One Million Five Hundred Thousand Dollars and costs.

Respectfully Submitted,
Lepley, Engelman & Yaw


s/Douglas N. Engelman, Esq.
Douglas N. Engelman, Esq.
ID#34839
140 East Third Street
Williamsport, PA  17701
570-323-3768 (telephone)
570-323-6191 (facsimile)
douge@lepley-engelman-yaw.com
Attorney for Plaintiff

## REQUEST FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), a trial by jury is
requested for all issues.

<u>s/Douglas N. Engelman, Esq.</u>
Douglas N. Engelman, Esquire
Attorney ID No. 34839
Attorney for the Plaintiffs
140 East Third Street
Williamsport, PA  17701
(570) 323-3768

**TO THE CLERK**


Please prepare and return summons to the undersigned for the following

Defendants listed:

Margaret Wesneski

Wesley Wesneski

Tink and Peg's Place Inc.


<u>s/Douglas N. Engelman, Esq.</u>
Douglas N. Engelman, Esquire
Attorney ID No. 34839
Attorney for the Plaintiffs
140 East Third Street
Williamsport, PA  17701
(570) 323-3768

# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT HOLLINGSHEAD | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION – AT LAW |
| | : | |
| LARRY TARBOX, JOANNE TARBOX, | : | Judge John E. Jones III |
| SOMERSET COUNTY JUVENILE | : | |
| PROBATION, | : | Filed September 24, 2004 |
| MARGARET WESNESKI, | : | |
| WESLEY WESNESKI, | : | No. 4:04-CV-02134 |
| PEG AND TINK'S PLACE, INC. and | : | |
| EVERGREEN HALFWAY HOUSE | : | |
| Defendants | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |

To: MARGARET WESNESKI

You are hereby summoned and required to serve upon **Douglas N. Engelman, Esq.**, Plaintiff's Attorney, whose address is **Lepley, Engelman and Yaw, 140 East Third Street, Williamsport, Pennsylvania  17701-6636** an answer to the Complaint which is herewith served upon you, within 20 days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

_____

Mary E. D'Andrea, Clerk of Court

_____

(By) Deputy Clerk

# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT HOLLINGSHEAD | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION – AT LAW |
| | : | |
| LARRY TARBOX, JOANNE TARBOX, | : | Judge John E. Jones III |
| SOMERSET COUNTY JUVENILE | : | |
| PROBATION, | : | Filed September 24, 2004 |
| MARGARET WESNESKI, | : | |
| WESLEY WESNESKI, | : | No. 4:04-CV-02134 |
| PEG AND TINK'S PLACE, INC. and | : | |
| EVERGREEN HALFWAY HOUSE | : | |
| Defendants | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |

To: WESLEY WESNESKI

You are hereby summoned and required to serve upon **Douglas N. Engelman, Esq.**, Plaintiff's Attorney, whose address is **Lepley, Engelman and Yaw, 140 East Third Street, Williamsport, Pennsylvania 17701-6636** an answer to the Complaint which is herewith served upon you, within 20 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

_____
Mary E. D'Andrea, Clerk of Court


_____
(By) Deputy Clerk

# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT HOLLINGSHEAD    :
     Plaintiff    :
           :
  v.        : CIVIL ACTION – AT LAW
           :
LARRY TARBOX, JOANNE TARBOX, : Judge John E. Jones III
SOMERSET COUNTY JUVENILE  :
PROBATION,      : Filed September 24, 2004
MARGARET WESNESKI,   :
WESLEY WESNESKI,    : No. 4:04-CV-02134
PEG AND TINK'S PLACE, INC. and :
EVERGREEN HALFWAY HOUSE  :
     Defendants  :
           :
           : JURY TRIAL DEMANDED

To: PEG AND TINK'S PLACE, INC.

   You are hereby summoned and required to serve upon **Douglas N. Engelman, Esq**., Plaintiff's Attorney, whose address is **Lepley, Engelman and Yaw, 140 East Third Street, Williamsport, Pennsylvania  17701-6636** an answer to the Complaint which is herewith served upon you, within 20 days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

           _____

           Mary E. D'Andrea, Clerk of Court

           _____

           (By) Deputy Clerk

**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT HOLLINGSHEAD | : | |
| Plaintiff | : | |
| v. | : | CIVIL ACTION – AT LAW |
| LARRY TARBOX, JOANNE TARBOX, | : | Judge John E. Jones III |
| SOMERSET COUNTY JUVENILE | : | |
| PROBATION, | : | Filed September 24, 2004 |
| MARGARET WESNESKI, | : | |
| WESLEY WESNESKI, | : | No. 4:04-CV-02134 |
| PEG AND TINK'S PLACE, INC. and | : | |
| EVERGREEN HALFWAY HOUSE | : | |
| Defendants | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Amended Complaint was served upon

Harold G. Caldwell
Brann, Williams, Caldwell & Sheets
111 West Main Street
P.O. Box 277
Troy PA, 16947-0277

Darryl Wishard
Mitchell, Mitchell, Gallagher, Weber
Southard & Wishard
10 West Third Street
Williamsport PA, 17701
via ECF this 3rd day of November 2004.

Lepley, Engelman & Yaw


s/Douglas N. Engelman, Esq.
Douglas N. Engelman, Esquire
Attorney I.D. No. 34839
140 East Third Street
Williamsport, PA 17701
(570) 323-3768