IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT HOLLINGSHEAD,           :        No. 04cv2134
                Plaintiff      :
                               :
        v.                     :        Judge Jones
                               :
LARRY TARBOX, ET AL.,          :
                Defendants.    :

_____

ROBERT HOLLINGSHEAD,           :        No. 04cv2351
                Plaintiff      :
                               :
        v.                     :        Judge Jones
                               :
PRINCE MANUFACTURING           :
CORP., ET AL.,                 :
                Defendants.    :

**MEMORANDUM AND ORDER**

March 9, 2005

Pending before the Court are two Motions to Dismiss the Second Amended

Complaint filed by Plaintiff Robert Hollingshead ("Plaintiff").  We have first, a

Motion to Dismiss Plaintiff's Second Amended Complaint under Federal Rules of

Civil Procedure 12(b)(1) and 12(b)(6) (doc. 25)[1] filed by Defendants Somerset

_____

[1] On November 24, 2004, Defendants Somerset County Juvenile Probation, Margaret
Wesneski, Wesley Wesneski, Tink and Peg's Place, Inc., and Evergreen Halfway House filed an
amendment to their previously filed Motion to Dismiss in which they incorporated by reference
their prior Motion to Dismiss and added statutory immunity as a supplemental reason to dismiss

County Juvenile Probation, Margaret Wesneski, Wesley Wesneski, Tink and Peg's Place, Inc., and Evergreen Halfway House (together "Non-Tarbox Defendants"), on November 20, 2004, based upon the allegation that none of the above-referenced Defendants were state actors pursuant to 42 U.S.C. § 1983.  Second, we have a Motion to Dismiss Plaintiff's Second Amended Complaint filed by Defendants Larry Tarbox ("Mr. Tarbox") and Joanne Tarbox ("Mrs. Tarbox")(together "Tarbox Defendants")(doc. 24) on November 24, 2004, based upon the allegation that Plaintiff did not state a claim against the Tarbox Defendants under 42 U.S.C. § 1983, or, in the alternative, that the Tarbox Defendants are entitled to the immunity afforded to the judiciary and its agents under common law and the 11th Amendment to the United States Constitution, or that the Tarbox Defendants are immune from suit under the qualified immunity granted by statute.

Also pending before the Court is a Motion to Consolidate (doc. 34) the above-captioned case with <u>Hollingshead v. Prince Manufacturing Corp. and Built-Rite Manufacturing Inc.,</u>4:04-CV-2351, which was filed by Plaintiff on December

---

Plaintiff's Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (<u>See</u> Rec. Docs. 19, 25).

We will consider the above-referenced parties' Motion to Dismiss filed as an amendment to their previously filed Motion to Dismiss in this narrative as it has been briefed by the parties and is ripe for disposition.

13, 2004.  Plaintiff argues that the two cases should be consolidated for the following reasons: the two cases arise from the same incident; the two cases share a common nucleus of operative facts; and consolidation will not prejudice the defendants.  (See Pl.'s Br. Supp. Mot. Consolidate at 3).  In addition, Plaintiff maintains that consolidation of his two cases pending before the Court is proper as demonstrated by application of the balancing test, under which: the substantive rights of the parties would not be affected; Defendants would still be able to assert all available defenses; there would be no reason to delay either case as both have been filed recently and are in the beginning stages of litigation; and consolidation would not preclude any of the Defendants from their opportunity to be heard.  See id. at 4.

On February 23, 2005, the Court held oral argument in the case sub judice. The Motions to Dismiss and the Motion to Consolidate pending before the Court have been briefed by the parties and are therefore ripe for disposition.

For the reasons that follow, we will grant in part and deny in part the Tarbox Defendants' Motion to Dismiss, deny the Non-Tarbox Defendants' Motion to Dismiss, and grant Plaintiff's Motion to Consolidate.

**PROCEDURAL HISTORY:**

Plaintiff commenced this action by filing a complaint in the United States

District Court for the Middle District of Pennsylvania on September 24, 2004. (See Rec. Doc. 1).  On November 3, 2004, Plaintiff filed an Amended Complaint, in which he added Margaret Wesneski and Wesley Wesneski (together "the Wesneskis") and Tink and Peg's Place, Inc. as Defendants in the above-captioned case.  (See Rec. Doc. 10).  Upon approving a stipulation, on November 19, 2004, the Court granted Plaintiff's Motion to Amend the Amended Complaint and allowed Plaintiff to file a Second Amended Complaint within 10 days of the order. (See Rec. Doc. 18).  Plaintiff then filed a Second Amended Complaint on November 22, 2004.  (See Rec. Doc. 21).

Plaintiff's Second Amended Complaint asserts the following: claims against Tarbox Defendants in negligence (Counts I and III), for civil rights violations under 42 U.S.C. § 1983 ("§ 1983") (Counts II and V)[2], and a respondeat superior claim against Defendant Joanne Tarbox (Count IV); claims against Defendant Somerset County Juvenile Probation ("Defendant Somerset County") in negligence

---

[2] We do note that there are two separate claims in Plaintiff's Second Amended Complaint referred to as "Count V," one is against Defendant Joanne Tarbox and another is against Defendant Margaret Wesneski.  (See Rec. Doc. 10 at 17, 20).

(Count XI)[3] and for a civil rights violation under § 1983 (Count X)[4]; claims against Defendant Evergreen Halfway House ("Defendant Evergreen") in negligence (Count XI) and for a civil rights violation under § 1983 (Count XII); claims against Defendant Tink and Peg's Place, Inc. in negligence (Count XIII), for a civil rights violation under § 1983 (Count XIV), and respondeat superior (Count XV); claims against Defendant Wesneskis in negligence (Counts V and VIII), respondeat superior (Counts VI and IX), and for a civil rights violation under § 1983 (Counts VII and X).

## STANDARD OF REVIEW:

In considering a motion to dismiss, a court must accept the veracity of a plaintiff's allegations.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only

---

[3]As the Non-Tarbox Defendants point out there are two separate claims in Plaintiff's Second Amended Complaint referred to as "Count XI," one is against Defendant Somerset County and the other is against Defendant Evergreen.  (See Rec. Doc. 10 at 38, 46).

[4] Again, we note that there are two separate claims in Plaintiff's Second Amended Complaint referred to as "Count X," one is against Defendant Evergreen and the other is against Defendant Wesley Wesneski.  (See Rec. Doc. 10 at 35, 43).

whether they are entitled to offer evidence to support their claims."  Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see</u> <u>also</u> <u>District Council 47 v. Bradley</u>, 795 F.2d 310 (3d Cir. 1986).

**<u>FACTUAL BACKGROUND</u>:**

According to Plaintiff's complaint, Plaintiff was sentenced in a juvenile matter in Somerset County, Pennsylvania, in 2002.  (<u>See</u> Am. Compl. at 4, ¶¶ 19-20)[5].  As part of his sentence, Plaintiff was required to perform community service, to be arranged by Defendants Wesneskis, Tink and Peg's Place, Inc., and Evergreen, and to be supervised by Defendants Wesneskis, Tink and Peg's Place, Inc., Evergreen, and Somerset County.  <u>See</u> <u>id.</u> at ¶ 21.  At the direction of Defendants Wesneskis, Tink and Peg's Place, Inc., and Evergreen, Plaintiff was sent to perform community service work at the residence of the Tarbox Defendants.  <u>See</u> <u>id.</u> at 5, ¶ 22.

On October 26, 2002, Plaintiff was injured when his left hand was caught in

---

[5] As the first paragraph of Plaintiff's Second Amended Complaint, paragraph 181, states that "Plaintiff incorporates Paragraphs 1-180 from Plaintiff's Amended Complaint as though fully set forth herein," we will cite to Plaintiff's Amended Complaint when referencing information contained within the first 180 paragraphs and we will cite to Plaintiff's Second Amended Complaint when referencing paragraphs 186-191.

6

a gas-powered log splitting device, which was operated by Defendant Larry
Tarbox, at the Tarbox Defendants' residence in Canton, Pennsylvania.  See id. at ¶
23.  As a result, Plaintiff's hand was almost completely amputated.  Id. at ¶ 24.

**DISCUSSION:**

We preliminarily note that at oral argument held before the Court on
February 23, 2005, all parties agreed to voluntarily dismiss Somerset County
Juvenile Probation from this action pursuant to its immunity under the Eleventh
Amendment to the United States Constitution.  (See Pl.'s Br. Opp. Defs.' Mot.
Dismiss at 3-4, 15-16)("Therefore, Plaintiff argues Defendant Somerset County
should be dismissed from this action.")  The dismissal of Somerset County Juvenile
Probation from this action renders the issue of whether Somerset County may be
liable for civil rights violations, committed by Defendants Wesneskis, Tink and
Peg's Place, Evergreen, and the Tarboxes, moot.  Accordingly, any and all claims
asserted by Plaintiff against Defendant Somerset County Juvenile Probation will be
dismissed.

We also preliminarily note that in the Non-Tarbox Defendants' Motion to
Dismiss, they argue that Defendant Evergreen is a fictitious name of a business
operated by Defendant Tink and Peg's Place, and that any reference to Defendant
Evergreen is meant to refer to Defendant Tink and Peg's Place.  The Non-Tarbox

Defendants assert that as Counts XI and XII against Defendant Evergreen are duplicates of Counts XIII and XIV against Defendant Tink and Peg's Place, and as Defendants Evergreen and Tink and Peg's Place are one in the same, that Counts XI and XII against Defendant Evergreen should be dismissed.  (See Non-Tarbox Defs.' Br. Supp. Mot. Dismiss at 10-11).[6]  In Plaintiff's brief in opposition to the Motion to Dismiss, Plaintiff states that he agrees with Somerset County Defendants that if Tink and Peg's Place and Evergreen are in fact one in the same, that the counts in Plaintiff's Second Amended Complaint against Evergreen would be redundant.  Moreover, at oral argument held before the Court on February 23, 2005, all parties agreed that all claims asserted against Defendant Evergreen should be dismissed as redundant.

We therefore hold that all claims asserted against Defendant Evergreen shall be dismissed.

### A.      Motion to Dismiss Filed by Tarbox Defendants

Tarbox Defendants assert that Plaintiff has failed to state a § 1983 claim against them, or in the alternative, that Tarbox Defendants are entitled to the

---

[6] As the first paragraph of the Non-Tarbox Defendants' amendment to their Motion to Dismiss, states that "Paragraphs 1-31 of the Defendants Motion to Dismiss, filed November 20, 2004, are incorporated herein by reference" we will cite to the Non-Tarbox Defendants' Motion to Dismiss when referencing information contained within the first 31 paragraphs and we will cite to the Non-Tarbox Defendants' amendment to their Motion to Dismiss when referencing paragraphs 2-11 of their Amended Motion.

immunity afforded to the judiciary and its agents under common law and the 11th

Amendment, or that they are entitled to immunity under the qualified immunity

granted by statute.  Tarbox Defendants maintain that the § 1983 claims against

them should be dismissed and that the basis for the Court's jurisdiction alleged by

Plaintiff does not exist.  (See Tarbox Defs.' Mot. Dismiss at 5-6).


### i.    42 U.S.C. § 1983 Claims

Plaintiff has asserted claims against the Tarbox Defendants pursuant to 42

U.S.C. § 1983 ("§1983") on the basis of alleged constitutional violations of the

Fourteenth Amendment due process clause.  Section 1983 provides:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State . . .  subjects, or
> causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured in an action at law,
> suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.  In order for a plaintiff to prevail under 42 U.S.C. § 1983, he

must establish the following two elements:  (1) that the conduct complained of was

committed by a person acting under color of state law; and (2) that the conduct

deprived a person of rights, privileges, or immunities secured by the Constitution

or laws of the United States.  Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993)

9

(citing <u>Parratt v. Taylor</u>, 451 U.S. 527, 534 (1981), <u>overruled in part on other grounds by</u> <u>Daniels v. Williams</u>, 474 U.S. 327 (1986)).

Plaintiff asserts that the Tarbox Defendants violated his 14th Amendment due process rights as a result of the danger created by the Tarbox Defendants and as a result of their breach of the affirmative duty of care and protection of harm. (<u>See</u> Am. Compl. at 8-9, 17-18).  Plaintiff contends that the Tarbox Defendants breached their affirmative duty of care and protection of harm by knowingly exposing Plaintiff to dangerous machinery which the minor was not trained to operate, that Plaintiff was not adequately supervised, and that this conduct violated Pennsylvania Child Labor laws.  <u>See</u> <u>id.</u>

With respect to the § 1983 claims, the threshold question is whether the Tarbox Defendants were acting under color of state law.  If they were not, they cannot be held liable under § 1983.  <u>See</u> <u>Black v. Indiana Area Sch. Dist.</u>, 985 F.2d 707, 709-10 (3d Cir. 1993).  The Supreme Court has explained that state action may be found only if there is such a "close nexus between the State and the challenged action" that seemingly private behavior "may be fairly treated as that of the State itself."  <u>Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n</u>, 531 U.S. 288, 289 (2001)(<u>quoting</u> <u>Jackson v. Metropolitan Edison Co.</u>, 419 U.S. 345, 351 (1974)).  In addition, it is important to note that no one fact is a necessary

condition for finding state action, nor is any set of circumstances sufficient, as there may be some countervailing reason against attributing activity to the government.  See Brentwood Acad., 531 U.S. at 289.

Although the Tarbox Defendants argue that the § 1983 claims must be dismissed as they are private individuals, not acting under color of state law, Plaintiff states that the Tarbox Defendants were "willful participant[s] and beneficiar[ies] of the joint state action and thus operating under the color of law." (See Am. Compl. at 8, ¶ 34; see also Am. Compl. at 17, ¶ 59).  Plaintiff additionally asserts that the "private parties" were performing a function traditionally performed by the state.  (See Pl.'s Br. Opp. Defs.' Mot. Dismiss at 6).

In his complaint, Plaintiff avers that the Tarbox Defendants are adult individuals and that Plaintiff was sent to perform community service at the Tarbox residence by Defendants Wesneskis, Tink and Peg's Place Inc., and Evergreen. (See Am. Compl. at 5, ¶ 22).  Plaintiff was injured when his left hand was caught in a gas-powered log splitting device which was operated by Defendant Larry Tarbox at the Tarbox Defendants' residence.  Id. at ¶ 23.  Plaintiff has not alleged that the Tarbox Defendants are employees or officers of the state.  The Third Circuit Court of Appeals has explained that we must nonetheless determine whether their actions are "fairly attributable to the state."  See Black, 985 F.2d at

11

709-10; <u>see also</u> <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 937 (1982).

Moreover, in determining whether private actors can be classified as state actors

for the purpose of § 1983 claims, we must first consider the joint action test and

second, the public function test.

First, pursuant to the joint action test, private persons who act jointly with

state officials in the challenged action, are acting "under color of law" for § 1983

purposes. <u>Dennis v. Sparks</u>, 449 U.S. 24, 27-8 (1980). "To act 'under color' of

law does not require that the accused be an officer of the State.  It is enough that he

is a willful participant in joint activity with the State or its agents[.]" <u>Dennis</u>, 449

U.S. at 29 (<u>citing</u> <u>United States v. Price</u>, 383 U.S. 787, 794 (1966)).  This test for

Fourteenth Amendment "state action" applies when the state has so far insinuated

itself into a position of interdependence with a private party as to become a joint

participant in the enterprise.  It covers a wide variety of public-private

interconnections that range from the state providing the means for or accepting the

benefits of the private defendant's actions, substantially financing or regulating,

but not compelling, the private party's unconstitutional conduct, or simply

delegating to the private party significant state power.

Two common situations suggest actions under color of law pursuant to the

joint action test.  First, a private person who conspires with a state actor is a state

actor for the purpose of the alleged conspiracy.  See Dennis, 449 U.S. at 28 (holding that private parties who corruptly conspired with a state judge acted "under color of law").  This situation does not apply in the case sub judice as Plaintiff has not alleged that a conspiracy occurred.  Second, a private person who acts as an agent of the state acts under color of law.  See Adickes v. Kress & Co., 398 U.S. 144, 152 (1970)(stating that action is "under color" if person is a "willful participant in joint activity with the State or its agents").

As the Tarbox Defendants submit, although Plaintiff has alleged that the Tarbox Defendants "benefitted" from the community service that they made available to Plaintiff, there are no allegations: of a contractual arrangement between these individuals and the other Defendants; that they received any remuneration for their services; and that an agency relationship occurred between Defendants and the Somerset County Probation Office.  (See Tarbox Defs.' Br. Supp. Mot. Dismiss at 4).  Moreover, taking the Plaintiff's allegations as true, as we must at this juncture, we do not find that the Tarbox Defendants were anything more than private citizens offering a place for Plaintiff to perform his court-mandated community service. Accordingly, we hold that the Tarbox Defendants are not private persons who acted jointly with state officials "under color of law" for § 1983 purposes.

Second, with regard to the public function test, it is important to preliminarily note that it imposes a "rigorous standard."  The Supreme Court has articulated that the public function test allows a private entity to be deemed a state actor if it performs a function that is "traditionally the exclusive prerogative of the State."  Rendell-Baker v. Kohn, 457 U.S. 830, 842 (1982)(quoting Blum v. Yaretski, 457 U.S. 991, 1011 (1982)).  Stated another way, the test is whether the state has utilized a private entity to delegate a constitutional obligation or to engage in an activity traditionally reserved to the state; however, actions by private contractors do not become state actions because of their significant or total engagement in public contracts.  See Rendell-Baker, 457 U.S. at 841.   Moreover, the relevant question is not simply whether a private group is serving a "public function."  See id. at 842.  The Supreme Court has explained that the public function doctrine's "rigorous standard" is rarely satisfied because while many functions have traditionally been performed by governments, very few have been exclusively reserved to the state.  See Robert S. v. Stetson School, Inc., 256 F.3d 159, 165-66 (3d Cir. 2001)(quoting Flagg Brothers Inc. v. Brooks, 436 U.S. 149, 158 (1978)).

In the case sub judice, we do not find that the Tarbox Defendants have satisfied the rigorous standard imposed in determining whether to impose § 1983

liability on private entities.  We are simply unable to find that private citizens who in this case offered a place for Plaintiff to perform his court-mandated community service were performing a function that is "traditionally the exclusive prerogative of the State." Rendell-Baker, 457 U.S. at 842 (quoting Blum, 457 U.S. at 1011).

Accordingly, we hold that the Tarbox Defendants are not state actors for purposes of § 1983 liability.[7]

Although we have determined that the Tarbox Defendants are not state actors for purposes of § 1983 liability as a result of retaining claims against other named defendants, we will exercise our discretion to maintain jurisdiction over the Tarbox Defendants with respect to Plaintiff's negligence claims.  Accordingly, we must next turn to the question of whether certain statutory immunity provisions under Pennsylvania law will shield the Tarbox Defendants from these claims.

## ii.   Statutory Immunity Pursuant to 42 Pa.C.S. § 8340

Tarbox Defendants assert that they are private actors who volunteered to provide a place where Plaintiff could perform his court ordered community service. "The Commonwealth of Pennsylvania has properly accorded such persons qualified immunity from claims of damages from persons participating in

---

[7] We note that it is not necessary to address the Tarbox Defendants' arguments asserted with respect to absolute immunity under § 1983 as we have determined that they are not state actors pursuant to § 1983.

community service programs [under] 42 Pa.C.S.A. § 8340." (See Tarbox Defs.'

Br. Supp. Mot. Dismiss at 6).

42 Pa.C.S. § 8340 states:

> Any probation officer or agent of the Pennsylvania Board of Probation
> and Parole and any public service or charitable agency or organization
> or political subdivision, or any official or employee thereof,
> supervising or administering any restitution or community service or
> program approved by the court of common pleas or the Pennsylvania
> Board of Probation and Parole shall be immune from any civil action
> for damages brought by or on behalf of any person involved in the
> program or damages caused by any person involved in the program.
> Nothing in this section shall be construed to limit or otherwise affect
> or preclude liability resulting from gross negligence or intentional
> misconduct or reckless misconduct.

Tarbox Defendants argue that Plaintiff's Complaint fails to allege any conduct that

would lead to the conclusion that they are guilty of gross negligence, intentional

misconduct, or reckless misconduct.

After a careful review of 42 Pa.C.S. § 8340 as it applies to the case sub

judice, we conclude that the Tarbox Defendants are not entitled to this statutory

immunity as the above-referenced Defendants do not fit within the confines of the

statute's plain language. There is nothing in the record to suggest that the Tarbox

Defendants are probation officers or agents of the Pennsylvania Board of Probation

and Parole, nor do we find that they are officials or employees of public service,

charitable agencies, organizations, or political subdivisions supervising or

16

administering a community service or program approved by the court of common

pleas.  See 42 Pa.C.S. § 8340.  Accordingly, we find that the Tarbox Defendants

are not entitled to statutory immunity pursuant to 42 Pa.C.S. § 8340.

### iii.    Punitive Damages Claims

Tarbox Defendants assert that although Plaintiff has characterized their

alleged conduct as "wanton and outrageous," they submit that the conduct alleged,

even if true, does not rise to the level of gross negligence, intentional misconduct,

or reckless misconduct.  (See Tarbox Defs.' Br. Supp. Mot. Dis. at 7).

In the complaint, Plaintiff has alleged the following: that Defendant Mr.

Tarbox was operating the log splitter; that Defendant Mr. Tarbox was not operating

the log splitter with the requisite skill, care, and attention; that Tarbox Defendants

breached their affirmative duty of care to Plaintiff by exposing Plaintiff to

dangerous machinery which Plaintiff was not trained to operate, by not adequately

supervising Plaintiff, and in violation of Pennsylvania child labor laws.  (See Am.

Compl. at 23, 27, 36, 61).  Additionally, Plaintiff has characterized the Tarbox

Defendants' conduct as "wanton and outrageous."  See id. at 31, 41, 48, and 66.

Under Pennsylvania law, exemplary damages may be awarded only for

conduct that is especially egregious or outrageous.  Martin v. Johns-Manville

Corp., 494 A.2d 1088, 1096-97 (Pa. 1985).  Punitive damages are appropriate to punish and deter only extreme behavior and, even in the rare instances in which they are justified, are subject to strict judicial controls.  The conduct must evince the Defendant's evil motive or reckless indifference to the rights of others.  Chambers v. Montgomery, 192 A.2d 355, 358 (Pa. 1963).

Moreover, the Pennsylvania Supreme Court has reiterated the exacting standards for a Plaintiff to prevail on a punitive damages claim.  "[The] assessment of punitive damages are proper when a person's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton, or reckless conduct, and are awarded to punish that person for such conduct."  SHV Coal, Inc. v. Continental Grain Co., 587 A.2d 702, 704 (Pa. 1991).  Importantly, punitive damages may not be awarded for misconduct, "which constitutes ordinary negligence such as inadvertence, mistake and errors of judgment."  Martin, 494 A.2d 1097.

In this case, Plaintiff has not alleged that the Tarbox Defendants acted with evil motive.  We must therefore determine whether the Tarbox Defendants' conduct demonstrates "reckless indifference" towards Plaintiff.  In determining the type of conduct giving rise to "reckless indifference to the rights of others," the Pennsylvania Supreme Court has consulted section 500 of the Restatement (2nd) of Torts and the accompanying comments.  Comment A to section 500 describes two

18

types of reckless conduct which represent very different mental states:

> 1.    Where the actor knows, or has reason to know of the
> facts which create a high degree of physical harm to
> another, and deliberately proceeds to act, or to fail to
> act, in conscious disregard of, or indifference to,
> that risk; and
>
> 2.    Where the actor has such knowledge, or reason to know,
> of the facts, but does not realize or appreciate the high
> degree of risk involved, although a reasonable man in his
> position would do so.

SHV Coal, 587 A.2d 704.  Comment B to section 500, read in light of Comment A,

indicates that punitive damages are not justified where the Defendant's mental state

rises to no more than gross negligence.  Id.  Punitive damages are therefore not

justified where the actor possesses knowledge, but does not realize or appreciate

the high degree of risk involved in undertaking the chosen course of action.  See

Field v. Philadelphia Elec. Co., 565 A.2d 1170, 1182 (Pa. Super. 1989)(If the

defendant does not realize the high degree of risk involved, the mental state

required to impose punitive damages under Pennsylvania law is not present).

In the complaint, Plaintiff asserts that the log splitter was operated by

Defendant Mr. Tarbox and that he was: not operating the log splitter with the

requisite skill, care and attention; not adequately supervising Plaintiff; and not

providing and/or requiring the use of adequate safety/protective devices to prevent

or minimize the risk of injury to Plaintiff of the type suffered by him.  (See Am.

Compl. at ¶ 27).   Moreover, Plaintiff states that the Tarbox Defendants breached their affirmative duty of care to Plaintiff by "exposing minor plaintiff to dangerous machinery which minor was not trained to operate, adequately supervised, and in violation of Pennsylvania child labor laws."  See id. at ¶¶ 36, 61.

Based on the above analysis of Pennsylvania law, we find that it would be premature to dismiss Plaintiff's punitive damages claims at this juncture. Accepting Plaintiff's allegations as true at this stage of the litigation, as we must, we hold that Plaintiff's punitive damages allegations could colorably result in an award of punitive damages.  We therefore determine that the Tarbox Defendants' Motion to Dismiss with respect to Plaintiff's punitive damages claims is denied.

**B.    Motion to Dismiss Filed by Non-Tarbox Defendants**

**i.    42 U.S.C. § 1983 claims**

Non-Tarbox Defendants argue that Counts VII, X, XII, and XIV asserted against Defendants Evergreen, Wesneskis, and Tink and Peg's Place must be dismissed as none of the defendants were state actors pursuant to § 1983.  (See Non-Tarbox Defs.' Br. Supp. Mot. Dismiss at 5-6).  In addition, the Non-Tarbox Defendants argue that they are private individuals or entities and that no relationship between them and a state or local agency is pled to give rise to an inference that they were state actors.  See id. at 5.

As we have previously explained, with respect to § 1983 claims, the threshold question is whether the individuals at issue were acting under color of state law.  If they were not, they cannot be held liable under § 1983.  See Black, 985 F.2d at 709-10.  Regarding the issue of whether the Non-Tarbox Defendants were state actors pursuant to § 1983, Plaintiff has alleged that as part of his sentence in a juvenile matter in Somerset County, Pennsylvania, he was required to perform community service, to be arranged by Defendants Wesneskis and Tink and Peg's Place, Inc., and to be supervised by Defendants Wesneskis and Tink and Peg's Place, Inc.[8]

After a careful review of the record and accepting Plaintiff's allegations as true, as we must, we find that there is insufficient evidence to definitely state that the Non-Tarbox Defendants are not state actors pursuant to the joint action test of § 1983. As a result, it is not necessary to reach the issue of whether Plaintiff had a "special relationship" with the Non-Tarbox Defendants, which would give rise to liability under § 1983.

### ii.    Statutory Immunity Pursuant to 42 Pa.C.S. § 8340

Non-Tarbox Defendants argue that they are entitled to immunity pursuant to

---

[8] Although Plaintiff's Complaint also includes allegations regarding Defendants Somerset County and Evergreen, we have omitted reference to these parties since, as noted, they will be dismissed from the case sub judice as per this Memorandum and Order.

42 Pa.C.S. § 8340 ("§ 8340") based upon Plaintiff's allegations set forth in the

Amended Complaint and the Second Amended Complaint.  (See Non-Tarobx

Defs.' Br. Supp. Am. Mot. to Dismiss at 2-4).

As we previously explained, 42 Pa.C.S. § 8340 states:

> Any probation officer or agent of the Pennsylvania Board of Probation
> and Parole and any public service or charitable agency or organization
> or political subdivision, or any official or employee thereof,
> supervising or administering any restitution or community service or
> program approved by the court of common pleas or the Pennsylvania
> Board of Probation and Parole shall be immune from any civil action
> for damages brought by or on behalf of any person involved in the
> program or damages caused by any person involved in the program.
> Nothing in this section shall be construed to limit or otherwise affect
> or preclude liability resulting from gross negligence or intentional
> misconduct or reckless misconduct.

After a careful review of the record, we hold that with respect to Plaintiff's

state law claims asserted against the Non-Tarbox Defendants, the Non-Tarbox

Defendants fit within the ambit of this provision and thus are cloaked with the

statutory immunity afforded by 42 Pa.C.S. § 8340.  We cannot conceive that the

Non-Tarbox Defendants were at all relevant times anything other than an

"organization" or an "official or employee thereof" which supervised or

administered a "restitution or community service" program approved by the Court

of Common Pleas of Somerset County.   As a result, the negligence claims asserted

against them will be subject to the higher threshold as set forth within    § 8340.

22

### iii.    Punitive Damages Claims

Non-Tarbox Defendants assert that Plaintiff's Second Amended Complaint fails to plead facts indicating any evil motive or outrageous conduct by any of the Defendants warranting the imposition of punitive damages in negligence.  (See Non-Tarbox Defs.' Br. Supp. Mot. Dismiss at 8-10).

As we have previously detailed, under Pennsylvania law, exemplary damages may be awarded only for conduct that is especially egregious or outrageous.  Martin, 494 A.2d at 1096-97.  The conduct must evince the Defendant's evil motive or reckless indifference to the rights of others.  Chambers, 192 A.2d at 358.

In this case, Plaintiff has not alleged that the Non-Tarbox Defendants acted with evil motive.  As we previously explained, we must therefore determine whether the allegations against the Non-Tarbox Defendants', which we must accept as true for the purpose of this analysis, demonstrates "reckless indifference" towards Plaintiff.

Plaintiff has made several allegations in support of his claim for punitive damages.  First, with regard to each negligence count against each Non-Tarbox Defendant, Plaintiff has stated that "[t]he conduct of the Defendant was wanton and outrageous warranting the imposition of punitive damages."  (See Am. Compl.

at ¶¶ 73, 127, 148, 169).  Second, Plaintiff has made identical and extensive

negligence allegations against Evergreen and Tink and Peg's Place.[9]  As it would

be premature to dismiss Plaintiff's punitive damages claims at this juncture and

again, taking Plaintiff's allegations as true at this stage of the litigation as we must,

we hold that Plaintiff's punitive damages allegations could colorably result in an

award of punitive damages.  The Non-Tarbox Defendants' Motion to Dismiss with

respect to Plaintiff's punitive damages claims is therefore denied.

### C.    Motion to Consolidate

The final motion pending before the Court is Plaintiff's Motion to

Consolidate this case with a separate federal action brought by Plaintiff, in

negligence and products liability, asserted against Prince Manufacturing and Built-

Rite Manufacturing.  At oral argument held before the Court on February 23, 2005,

---

[9] Plaintiff's allegations made in support of his negligence claims against Evergreen and Tink and Peg's Place include the following: "[n]ot taking custody and/or detain minor Plaintiff when said defendant had reasonable cause to believe that the safety of the minor Plaintiff was in imminent danger by be [sic] subjected to the untrained use of the log splitter; [n]ot taking custody and/or detain minor Plaintiff when said defendant had reasonable cause to believe that the safety of the minor Plaintiff was in imminent danger by be [sic] subjected to the untrained use of the log splitter in violation of 42 Pa.C.S.A. § 6304(5); [n]ot adequately supervising a minor child committed to its custody; [n]ot adequately supervising a minor child committed to its custody in violation of 42 Pa.C.S.A. § 6304(3); [a]llowing minor Plaintiff to be exposed to the operation of machinery in violation of Pennsylvania's Child Labor Laws 43 P.S. § 44; and [n]ot inspecting the log splitter to identify its inherently dangerous attributes which made the log splitter unreasonably dangerous if used as intended."  (See Am. Compl. at ¶¶ 144, 165).

We note that we shall only consider Plaintiff's allegations made against Defendant Tink and Peg's Place as Defendant Evergreen has been dismissed as per this order.

24

counsel representing Prince-Manufacturing stated on the record that he is in favor of consolidation.  Counsel for the Tarbox Defendants indicated that his clients did not respond to the Motion to Consolidate because of insufficient resources to do so.  Finally, the Non-Tarbox Defendants stated that they would concur in Plaintiff's Motion to Consolidate if the Court denies their Motion to Dismiss as to the federal civil rights claims.  As we have denied the Non-Tarbox Defendants' Motion to Dismiss with respect to their federal civil rights claims and as counsel for Prince Manufacturing is in favor of consolidation, we therefore find that Plaintiff's Motion to Consolidate shall be granted.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.     The Motion to Dismiss filed by Defendants Somerset County Juvenile Probation, Margaret Wesneski, Wesley Wesneski, Tink and Peg's Place, Inc., and Evergreen Halfway House (doc. 25) is denied.

2.     Defendants Somerset County Juvenile Probation and Evergreen Halfway House are dismissed as parties to this action.

3.     The Motion to Dismiss filed by Defendants Larry Tarbox and Joanne Tarbox (doc. 24) is granted in part and denied in part to the following extent:

   A.     The Motion is granted to the extent that Plaintiff's federal civil

25

rights claims asserted against the Tarbox Defendants are

dismissed.

    B.    The Motion is denied to the extent that the Court will exercise

its discretion to maintain jurisdiction over Plaintiff's state law

negligence claims.

4.    Plaintiff's Motion to Consolidate (doc. 34) this case with

<u>Hollingshead v. Prince Manufacturing Corp. and Built-Rite

Manufacturing Inc.</u>, 4:04-CV-2351, is granted.

5.    The Clerk is directed to consolidate 4:04-CV-2351 into 4:04-CV-

2134.

6.    The Clerk is directed to close the file on 4:04-CV-2351.


                           <u>S/ John E. Jones III</u>
                           John E. Jones III
                           United States District Judge